UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES,

    Plaintiff,

v.                                            Case No. 18-CR-130

BRET NAGGS, MARK WOGSLAND,
and PETER ARMBRUSTER,

    Defendants.

**MOTION AND BRIEF IN SUPPORT OF MOTION
FOR *SANTIAGO* PROFFER FROM GOVERNMENT**

Bret Naggs, by and through counsel, hereby respectfully moves this Court for an order requiring the government to file a written *Santiago* proffer within 60 days, identifying all co-conspirators and any co-conspirator statements the government intends to present at trial. Co-defendants Mark Wogsland and Peter Armbruster have filed motions fully adopting and joining the arguments herein. As grounds for and in support of this motion, the following memorandum is provided. No other supporting documents will be filed.

**I.    INTRODUCTION**

This district's normal practice, which works well in the typical case, is to conditionally admit co-conspirator statements at trial, without requiring a pretrial *Santiago* proffer by the government as to the identities of co-conspirators and the statements the government intends to offer under the coconspirator exception to the

hearsay rule. However, this is far from a typical case. It is exceptionally factually dense and complex, involving over 9 million pages of "open file" discovery. It involves the allegation of multiple conspiracies, including conspiracy to influence accountants, conspiracy to falsify books and records of a public company, conspiracy to commit securities fraud, and conspiracy to commit wire fraud, along with substantive bank fraud, securities fraud, wire fraud, and other charges. The case involves an undisclosed number of unidentified co-conspirators, countless complex accounting decisions made over several years by an undetermined number of employees of a $2 billion public company with over 30 subsidiaries. The trial in the case will certainly span weeks if not months.

An early government proffer as to the identities of coconspirators and the statements the government intends to offer as coconspirator statements will allow the defense to efficiently and effectively prepare for trial, and is the safest way to avoid a costly mistrial. Accordingly, the Court should make an exception to the standard district practice and order the government to file such a *Santiago* proffer within 60 days.

## II. FACTS

On June 12, 2018, the government filed an Indictment charging Bret Naggs and Mark Wogsland with securities fraud and related offenses as former Controllers at Roadrunner Transportation Systems, Inc. ("Roadrunner"). Dkt. 1. On April 2, 2019, the government filed the First Superseding Indictment, which added

2

Roadrunner's former CFO, Peter Armbruster, as a third defendant. Dkt. 48 ("Superseding Indictment" or "S. Ind.").

The Superseding Indictment alleges a four-year long complex fraud scheme related to the books and records and financial reporting of Roadrunner. Specifically, the Superseding Indictment alleges that from 2013 through January 2017, Defendants and other, unidentified co-conspirators engaged in conspiracies to defraud Roadrunner shareholders, lenders, the investing public, and to mislead Roadrunner's independent auditors, lenders, and regulators. S. Ind. ¶ 25. It further charges that Defendants and other, unidentified co-conspirators engaged in conspiracies to fraudulently influence accountants and to falsify records of Roadrunner, to commit securities fraud, and to commit wire fraud. *Id.* at ¶¶ 75-87, 92-95. Finally, it alleges that Defendants aided and abetted the making of false entries into Roadrunner's records, and committed securities fraud and bank fraud. *Id.* at ¶¶ 88-91, 96-110.

Roadrunner was a $2.2 billion public company with over 4,500 employees across over 30 subsidiaries. *Id.* at ¶ 4. To date, the government has produced over 9 million total pages of discovery, including over 200 interview reports, and hundreds of thousands of emails and other communications by and between employees, accountants, and others.

The government has indicated it is following this district's "open-file" policy. But it has declined to identify any co-conspirator names or statements. When

defendants requested that information as a way to avoid this motion, the government refused, explaining in a letter to all counsel that:

> [i]t is long-standing practice in this District to conditionally admit statements of alleged co-conspirators subject to the government showing that the statements are admissible in accordance with the *Santiago* factors." *United States v. Lewis*, No. 17-CR-191, 2018 WL 3601237, at *3 (E.D. Wis. July 27, 2018). Because the Court typically "does not require the government to file *Santiago* proffers in advance of the trial," *United States v. Davis*, No. 06-CR-215, 2007 WL 4207536, at *8 (E.D. Wis. Nov. 26, 2007), such early disclosure is not necessary."

That position wholly ignores the undeniable fact that this is far from a typical case like *Lewis* or *Davis*.

## III. ARGUMENT

### A. Legal Standard

Under Rule 801(d)(2)(E), qualifying co-conspirator statements are not hearsay. Fed. R. Evid. 801(d)(2)(E). Specifically, co-conspirator statements are admissible if the trial judge finds, by a preponderance of the evidence, that: "(1) a conspiracy existed, (2) the defendant and the declarant were involved in the conspiracy, and (3) the statements were made during and in furtherance of the conspiracy." *United States v. Davis*, 845 F.3d 282, 286 (7th Cir. 2016).

"Under long-settled circuit law, a district court may admit co-conspirator statements conditionally based on the government's pretrial proffer, known in this circuit as a '*Santiago* proffer.'" *Id.* (citing *United States v. Santiago*, 582 F.2d 1128, 1130-31 (7th Cir. 1978)). Alternatively, a court may hold a "full blown" preliminary hearing to consider all the evidence concerning the statements, or may conditionally admit the statements even in the absence of a pretrial proffer. *United States v. Cox*,

4

923 F.2d 519, 526 (7th Cir. 1991). "If at the close of its case the prosecution has not met its burden to show that the statements are admissible, the defendant can move for a mistrial or to have the statements stricken." *United States v. Haynie*, 179 F.3d 1048, 1050 (7th Cir. 1999).

### B. A *Santigo* proffer is necessary to allow Defendants to adequately prepare a defense and focus litigation positions.

Defendants recognize that the Court "has more than one method to use when considering the admissibility of co-conspirators statements," including conditionally admitting the statements even in the absence of a pretrial proffer. *United States v. McClellan*, 165 F.3d 535, 553-54 (7th Cir. 1999). Defendants also acknowledge that this district's normal practice has been to do just that. *See, e.g.*, *United States v. Arms*, No. 14-CR-78, 2015 WL 5022640, at *9-10 (E.D. Wis. Aug. 24, 2015). Nevertheless, Defendants believe that an exception in this case is warranted.

Ordering the government to make a *Santiago* proffer in this case would be in line with Seventh Circuit case law and the practice of all other district courts in this circuit. The Seventh Circuit has specifically stated that its "<u>preferable</u> procedure" for the conditional admission of co-conspirator statements would be to "<u>at least</u> require the government to preview the evidence which it believes brings the statements within the co-conspirator rule before delving into the evidence at trial." *Cox*, 923 F.2d at 526 (internal quotations and brackets omitted) (emphasis added) (citing *United States v. Shoffner*, 826 F.2d 619, 630 (7th Cir. 1987)). Indeed, "it is routine for [those other] district courts to require pretrial evidentiary proffers [under *Santiago*]" and

5

*Cox. United States v. Garcia-Ortiz,* No. 91 CR 564-2, 1992 WL 71803, at *5 (N.D. Ill. Apr. 1, 1992) (Rovner, D.J.).

Specifically, the Seventh Circuit in *Shoffner* expressed concern over the trial court's decision to conditionally admit co-conspirator statements without a proffer, noting that "the course followed below could have been hazardous," and could have resulted in "a costly mistrial." 826 F.2d at 630. The court then stated that it was purposefully "set[ting] forth the procedures surrounding this issue in what may seem excruciating detail," explaining that it would prefer the court to not take "on faith" the government's assertions regarding co-conspirator statements, but rather require a proffer by the government. *Id.*

This Court likewise has indicated that, under certain circumstances, a pre-trial admissibility determination under one of the *Santiago* alternatives may be warranted. *See Arms*, 2015 WL 5022640, at *10. In *Arms*, the defendant requested a "full-blown" *Santiago* hearing "[b]ecause of the importance of [co-conspirator] statements to the government's case, as well as the size and the complexity of the case." *Id.* This Court denied the request without prejudice because it was unclear which of the 29 defendants would proceed to trial. *Id.* This Court noted that the government proposed to break the case down into separate trials, after which the court could better determine which statements would be admitted against which defendants. *Id.* As a result, this Court invited the defendant to renew his request once "the parties' litigation positions come into focus." *Id.*

Here, Defendants are not currently requesting a "full-blown" hearing, but rather an initial, pretrial proffer of co-conspirator names and statements. *See United States v. Andrus*, 775 F.2d 825, 837 (7th Cir. 1985) (explaining that a proffer, as opposed to a hearing, "has the advantage of economy"). Furthermore, Defendants are requesting a proffer precisely to aid in focusing their litigation positions, to make trial more efficient, and to minimize the risk of a costly mistrial.

For example, without the government identifying co-conspirators or their statements, Defendants have no way of knowing whether a single email in the approximately 9 million pages of discovery may be an alleged co-conspirator statement from someone who was not interviewed at all and who had no actual email conversations with the defendant against whom the statement is offered, or whether any statement made by any of the 90 or more witnesses whose statements have been disclosed, is an alleged co-conspirator statement. In short, until the identities of co-conspirators and their statements are proffered, Defendants' litigation positions cannot "come into focus," nor can counsel possibly effectively prepare for trial. *See Arms*, 2015 WL 5022640, at *10.

These concerns are not alleviated by the fact that the government is following this district's open-file policy. Indeed, by this motion, Defendants seek more precise information about what has already been disclosed, not a greater breadth of disclosure.

### C. A *Santigo* proffer is necessary to minimize the risk of an extremely costly mistrial.

For these same reasons, a conditional admission of co-conspirator statements without a proffer could lead to an extremely costly mistrial. Given the breadth of the conspiracy charges in both timing and scope, the possibility of mistrial and prejudice to Defendants is especially likely. Roadrunner is a $2 billion company with over 30 subsidiaries, each of which make financial and accounting decisions, all of which roll up to affect the accounting, and books and records of Roadrunner, which the Superseding Indictment alleges were misstated purposefully by Defendants and their co-conspirators.

The government should not be able to put before a jury, co-conspirator statements allegedly regarding facts or acts in furtherance of the four conspiracies, without any proffer establishing that such statements were made in furtherance of the conspiracy. Given the complexity of many of the accounting decisions at issue, the wide organizational structure of Roadrunner, the undisclosed number of unidentified co-conspirators, and the total number of accounting decisions made by Roadrunner and its subsidiaries between 2013 and January 2017 (especially those not specifically identified in the Superseding Indictment), there is an especially high likelihood that jurors would be prejudiced by the introduction of statements that may be later stricken, such that no limiting instruction would be able to cure, and a mistrial would need to be declared.

A mistrial would be incredibly costly for both the Court and the Defendants, given that it is anticipated the trial will last weeks if not months. As a result, taking

the government's assertions "on faith" here would be especially unwise. *See Shoffner*, 826 F.2d at 630. In fact, the most efficient way to proceed in this case would be for the government to provide the Court and Defendants with a *Santiago* proffer. Doing so would eliminate the risk of a mistrial on this issue, and allow Defendants to focus their defense.

For all of these reasons, granting Defendants' request will not "open the floodgates" for *Santiago* motions or set a "dangerous" precedent contrary to this district's longstanding practice. Rather, due to the nature and enormity of the allegations and discovery here, this case presents a unique situation where this Court should make an exception to the default rule.

## IV. CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that the Court order the government to file a *Santiago* proffer within 60 days.

Respectfully submitted this 18th day of October, 2019.

/s/ *Michelle L. Jacobs*
Michelle L. Jacobs, SBN 1021706
Steven M. Biskupic, SBN 1018217
Vanessa K. Eisenmann, SBN 1084012
Biskupic & Jacobs, S.C.
1045 W. Glen Oaks Lane, Suite 106
Mequon, WI 53092
Telephone: (262) 241-0033
Fax: (866) 700-7640
E-mail: mjacobs@biskupicjacobs.com

*Attorneys for Defendant Bret Naggs*

9