IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRET NAGGS, MARK WOGSLAND, and
PETER ARMBRUSTER,

        Defendants.

Case No. 18-CR-130

## DEFENDANTS' RULE 16 MOTION TO COMPEL AND MEMORANDUM OF LAW IN SUPPORT THEREOF

Ryan S. Hedges
Junaid A. Zubairi
Jonathon P. Reinisch
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
rhedges@vedderprice.com

Dated: October 18, 2019

# TABLE OF CONTENTS

**Page**

I.  INTRODUCTION ........................................................................................................ 1

II.  BACKGROUND ......................................................................................................... 3

    A.  Relevant History of the Government's Investigation and Witness Interviews .................................................................................................... 3

    B.  Defendants' Discovery Requests Related to the Investigation and the Government's Obstinance ........................................................................... 5

    C.  Defendants' Discovery Request Related to Mr. Wogsland's Written or Recorded Statements In Grand Jury Transcripts ..................................... 7

III.  ARGUMENT .............................................................................................................. 8

    A.  Legal Standard ................................................................................................ 8

    B.  Defendants are Entitled to All Documents and Information Shared Between the Government and Roadrunner Related to the Government's Investigation ................................................................................................. 10

    C.  Mr. Wogsland Is Entitled to Production of His Statements Contained In Any Grand Jury Transcript ...................................................................... 14

        1.  Mr. Wogsland's Written or Recorded Statements Must Be Provided Under Rule 16............................................................................ 14

        2.  The Government's Reasons for Withholding the Requested Information are Unsupported and Inconsistent with the Plain Language of Rule 16 ............................................................................... 15

        3.  Given the Unusual Nature of Mr. Wogsland's Grand Jury Interrogation, Discovery of the Portions of His Testimony that the Government Used to Indict Mr. Wogsland is Material to his Defense ................................................................................................. 16

IV.  CONCLUSION........................................................................................................... 18

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*SEC v. Herrera*,
    324 F.R.D. 258 (S.D. Fla. 2017) ............................................................12

*SEC v. Vitesse Semiconductor Corp.*,
    2011 U.S. Dist. LEXIS 77538 (S.D.N.Y. 2011) ...............................11, 12

*U.S. v. Bergonzi*,
    216 F.R.D. 487 (N.D. Cal. 2003) ..........................................................11

*U.S. v. Buske*,
    2011 U.S. Dist. LEXIS 77842 (E.D. Wisc. 2011) ................................11

*U.S. v. Connolly*,
    2019 U.S. Dist. LEXIS 76233 (S.D.N.Y. 2019) ...................................13

*U.S. v. Conti*,
    864 F. 3d 63 (2d Cir. 2017) ...................................................................13

*U.S. v. Dixon*,
    63 F.R.D. 8 (D. Del. 1974) ....................................................................16

*U.S. v. Finley*,
    1987 U.S. Dist. LEXIS 9813 (N.D. Ill. 1987) ......................................16

*U.S. v. Gladdis*,
    877 F.2d 605 (7th Cir. 1989) ...................................................................9

*U.S. v. Ionia Management S.A.*,
    2007 U.S. Dist. LEXIS 56577 (D. Conn. Aug. 2, 2007) .........................9

*U.S. v. MST Mineralien Schiffarht Spedition Und Trans. GmbH*,
    2017 U.S. Dist. LEXIS 191259 (D. Maine 2017) ..................................15

*U.S. v. Saunders*,
    826 F.3d 363 (7th Cir. 2016) .................................................................14

*U.S. v. Stein*,
    440 F. Supp. 2d 315 (S.D.N.Y. 2006) ..................................................13

*U.S. v. West*,
    790 F. Supp. 2d 673 (N.D. Ill. 2011) ...............................................6, 10

*U.S. v. Williams*,
    792 F. Supp. 1120 (S.D. Ind. 1992) ..................................................................9

**Other Authorities**

Federal Rules of Criminal Procedure Rule 16(d)(2)(A) ...........................................1

Local Rule 6 .....................................................................................................16

Local Rule 6(e) ...........................................................................................8, 16

Local Rule 16 ........................................................7, 8, 9, 11, 14, 15, 16, 17, 18

Local Rule 16: (1) ...............................................................................................1

Local Rule 16(a) ................................................................................................9

Local Rule 16(a)(1) ..........................................................................................16

Local Rule 16(a)(1)(B) .................................................................................3, 9

Local Rule 16(a)(1)(B)(ii)........................................................................7, 14, 16

Local Rule 16(a)(1)(B)(iii) .........................................................................7, 14

Local Rule 16(a)(1)(E)......................................................................................11

Local Rule 16(a)(3) ..........................................................................................16

Local Rule 16(b) ................................................................................................8

Local Rule 17 ...................................................................................................17

Local Rules 6, 12(h), 16(a)(1), and 26.2...........................................................16

Defendants Bret Naggs, Mark Wogsland, and Peter Armbruster, by their respective undersigned counsel, hereby move for an Order pursuant to Rule 16(d)(2)(A) of the Federal Rules of Criminal Procedure compelling the Government to produce the following two categories of information requested by the Defendants and subject to disclosure under Rule 16: (1) certain investigation materials the Government received from Roadrunner Transportation Systems, Inc. ("Roadrunner") through its outside counsel, including documents and information related to witness "interview downloads"; and (2) written or recorded statements of Defendant Wogsland (collectively, the "Subject Discovery").

## I.    INTRODUCTION

In January of 2017, Roadrunner announced that it would restate its earnings reports for the preceding three years due to accounting errors. Roadrunner, with the assistance of a bevy of outside lawyers and auditors, then commenced an internal investigation into the company's accounting issues. So too did attorneys and investigators for the Government. As discussed below, and in greater detail in Defendants' Motion to Dismiss the Superseding Indictment or, in the Alternative, for a *Kastigar* hearing, to Suppress Grand Jury Testimony, for Disclosure of Grand Jury Materials, and for Leave to File Supplemental Briefing and Additional Pre-Trial Motions As Necessary ("Motion to Dismiss"), filed concurrently herewith, Roadrunner and its outside counsel sought to maximize cooperation credit for the company, and to avoid ruinous indictment, by working hand in glove with the Government in its investigation. Over many months during that government-directed joint effort, Roadrunner's outside counsel had numerous conversations with the government in which it relayed the substance of its compelled employee witness interviews (including interviews of the Defendants), read outs, and other summaries of information that counsel had developed in the company's internal investigation. Although the strategy appears to

have benefitted Roadrunner, the Defendants (all former Roadrunner employees) are now under indictment in this case.

While the Government has provided Defendants with an overwhelming amount of information gathered in its investigation – a mountain of more than 9 million pages of documents and interview transcripts that continues to grow – the Government has not produced everything. Thus, the Defendants have requested the Subject Discovery from the Government, which may be described in two general categories.

First, Defendants seek all documents, communications and information obtained by the Government from Roadrunner and its outside counsel or outside accounting/audit firms during the course of Roadrunner's internal investigations. Defendants are entitled to the full scope of information that was shared with the Government, including the substance of, dates, and individuals involved in any relevant meetings, conversations, interview downloads, and investigation summary read outs. No claim of privilege or work product can plausibly attach to the discoverable documents and information sought in this category. The Government has recently produced incomplete summary memos of the witness interview downloads provided by company counsel and an index of same, but nothing more. Thus, Defendants lack a complete understanding of what substance of the underlying witness interview was conveyed to the Government, what portions were excluded, who made decisions to withhold, exclude, or not transcribe information, who was present for the interviews, or who was present during the "downloading" process because the Government refuses to provide it. This information is critical to preparing the defense in this case.

Second, Defendants seek the portions of any transcripts and other documents containing any Defendant's written or recorded statements that are in the Government's possession, as

2

required by Rule 16(a)(1)(B).  Specifically, Defendants seek any portion of any transcript that contains some or all of the substance of Mr. Wogsland's grand jury testimony, including any portion of any subsequent grand jury transcript of any other witness in which any part of the substance of Mr. Wogsland's grand jury testimony was presented in any form.  Despite tacitly acknowledging that such transcripts exist, the Government has refused to produce them.

As discussed below, the requested Subject Discovery is plainly subject to disclosure and highly relevant to preparation of the defense, including the issues set forth in Defendants' Motion to Dismiss, as well as aiding witness preparation, corroborating testimony, and for impeachment. Accordingly, Defendants' Motion to Compel should be granted.

## II.     BACKGROUND

### A.     Relevant History of the Government's Investigation and Witness Interviews.

Defendants' Motion to Dismiss sets out the factual background that is relevant to this motion.  Defendants incorporate that factual background here to avoid redundancy, reiterating certain details that are material to this motion.

In short, throughout 2017, Roadrunner compelled its employees under threat of termination to participate in interviews by outside counsel as part of Roadrunner's internal investigation.  The contents of those interviews were then delivered to the Government through oral "interview downloads" from which the Government created written summary memoranda.  So far, in productions dated September 27, 2018 (to Defendants Wogsland and Naggs), April 26, 2019, June 10, 2019, and June 17, 2019, the Government has produced approximately 100 employee interview download memoranda that it created.  But the Defendants have pointed out that the Government's memoranda are facially incomplete.  Moreover, the timing of the Government's receipt of the compelled employee statements appears to raise serious due process concerns regarding the Government's investigation.  For example, in some instances, the Government obtained a

download of a Roadrunner employee's interview the day before that employee was required to testify in the grand jury, *represented by the company's outside counsel.* Critically, this process accurately describes Mr. Wogsland's experience before he was indicted in this case. Additionally, for several months after the grand jury testimony, Roadrunner's outside counsel conducted dozens more compelled employee interviews and fed that information to the Government, including two additional compelled interviews of Mr. Wogsland. Outside counsel also routinely read out summaries of information developed in its investigation during this time leading up to the original indictment in this case.

In the days leading up to this filing, Defendants began receiving from the various law firms that serve as Roadrunner's outside counsel the "fact summaries" of their interviews conducted of Roadrunner's employees. Defendants' review of that material is ongoing, but some notable inconsistencies have already been identified between the law firms' fact summaries and the Government's interview downloads purporting to correspond to the same interviews. In many instances, material information from the law firms' fact summaries appears to be either omitted from or altered in the Government's interview download memoranda, including those for interviews of Defendants Wogsland and Armbruster. In others, the Government's interview download memoranda contain information that is not found in the corresponding fact summaries. For example, the Government's interview download memorandum for Mr. Wogsland's April 27, 2017 interview by WilmerHale is four single spaced pages of information spanning a wide array of topics. But the corresponding fact summary from WilmerHale is less than one page and silent on most of the topics described in the Government's interview download memorandum. Defendants are still analyzing these materials that have only been recently received. But in any

event, the initially identified inconsistencies further underscore the need for the Government to produce the Subject Discovery.

**B. Defendants' Discovery Requests Related to the Investigation and the Government's Obstinance.**

On August 19, 2019, counsel for Defendants requested that the government produce additional documents and information related to the approximately 100 interview downloads that have been produced, among other materials. (Ex. A.) Defendants requested documents and information that fall within the following three categories: (1) information related to the underlying witness interviews by company counsel; (2) information related to the creation of the Government's witness interview download summary memoranda; and (3) information related to Roadrunner's internal investigation that was shared with the government. (Ex. A.)

The government partially responded to that request on September 8, 2019, providing a new index of the interview downloads produced so far in this case. (Ex. B.) That index contains information that had not been previously disclosed to Defendants, including the date on which each underlying interview by company counsel took place and the law firm that conducted each interview. The Government stated that its interview downloads consist of "notes taken by the government based on conversations with [Roadrunner's attorneys] about facts conveyed to [Roadrunner's attorneys] during interviews." (Ex. B.) In some cases, but not all, the attorney who conducted the underlying witness interview is not the same attorney who participated in the interview download conversation. (Ex. B.) Otherwise, the Government stated that it possessed no additional information related to the substance of the underlying witness interviews or interview download sessions. (Ex. B.) The Government refused to provide documents or information "about how the Government used the interview downloads in its investigation, or who was present for the

government during the download." (Ex. B.)[1]  The only substantive reason the Government provided for withholding the requested information is that the "interview downloads contain at least three levels of hearsay, and the material [Defendants] request[ed] . . . is in no way relevant or discoverable." (Ex. B.)  The Government has never provided any further explanation.

Counsel for Defendants responded on September 20, 2019, stating that the Government's productions and discussions with counsel demonstrate that the Government *does* possess additional information that is not present on the face of the interview downloads. (Ex. C.)  For example, the September 8, 2019 index included information about the date and interviewing law firm that was not present on the face of many interview downloads produced. (Ex. B.)  Additionally, none of the Government's interview download memoranda reference any *Upjohn* warning having been provided to the witnesses, but the Government represented during a September 5, 2019 phone call that it is the Government's "understanding," based on conversations with Roadrunner's counsel, that it was "standard practice" for Roadrunner's outside counsel to provide *Upjohn* warnings to each witness. (Ex. C.)  Defendants further informed the Government that hearsay is not an appropriate discovery objection and renewed their requests for the numerous categories of documents and information that Government did not produce or address in its September 8, 2019 letter. (Ex. C.)

The Government responded nearly three weeks later on October 9, 2019, but that delay was not the result of any sincere attempt to comply with Defendants' discovery requests.  Instead, the Government feigned offense at Defendants' observation that the Government clearly has more

---

[1] The Government is obligated to identify the individuals present even if no document identifying them exists. *See U.S. v. West*, 790 F. Supp. 2d 673 (N.D. Ill. 2011) (ordering the government to identify individuals known to the government and holding that "[t]he fact that defendants have asked the government to identify persons and not simply to provide potentially exculpatory information does not render their request improper or otherwise outside the bounds of *Brady*").

information than it has produced.  (Ex. D)  The Government further vaguely stated that "much of the information" Defendants requested is not in the Government's possession, but failed to describe what information *is* in its possession.  The Government's position that it lacks additional discoverable information is not credible based on the information that has been provided.

## C.    Defendants' Discovery Request Related to Mr. Wogsland's Written or Recorded Statements In Grand Jury Transcripts.

Mr. Wogsland testified before a grand jury in Washington, D.C. on September 12, 2017. Because at least one subsequent grand jury was convened in this District to return the Indictment and Superseding Indictment, Defendants' reasonably believe that the Government presented, quoted, summarized or otherwise used some or all of Mr. Wogsland's prior grand jury testimony in the subsequent grand jury proceedings in this District.  Accordingly, on July 16, 2019, counsel for Mr. Wogsland requested production of the portions of any other grand jury transcripts containing the substance of Mr. Wogsland's prior grand jury testimony.  (Ex. E.)  The Government failed to respond to that request and counsel for Mr. Wogsland followed up on July 29, 2019, nearly two weeks later, to request the same information. (Ex. F.)

On July 29, 2019, the Government refused to produce any other grand jury transcripts that contain Mr. Wogsland's statements.  (Ex. G.)  Importantly, the Government did not deny that such transcripts exist; rather, the Government stated that it "does not see any basis for producing other grand jury transcripts at this time or providing any information about those transcripts."  (Ex. G.) Counsel for Mr. Wogsland responded on August 2, 2019, explaining that Rule 16 provides the basis for the Government's obligation to produce the requested material.  (Ex. H.)  Rule 16(a)(1)(B)(iii) requires the disclosure of "the defendant's recorded testimony before a grand jury relating to the charged offense" and Rule 16(a)(1)(B)(ii) requires the production of *any* written record containing the defendant's statements.  (Ex. H.).  On August 5, 2019, the Government

rejected the plain language of Rule 16 and argued without authority that the Government's use of Mr. Wogsland's prior testimony "in another proceeding [] would not render the transcript of that later in time proceeding Rule 16 materials." (Ex. I.)

On August 13, 2019, counsel for Mr. Wogsland again explained that any document containing portions of Mr. Wogsland's statements must be disclosed under Rule 16, whether that document is a grand jury transcript or not. (Ex. J.) Mr. Wogsland further provided authority that *every* document containing a defendant's statement must be produced, even if the same statements were previously produced verbatim in another document. (Ex. J.). Rule 16 does not contain an exception for a defendant's written statements used in a "later proceeding," as the Government suggested.

On August 20, 2019, the Government steadfastly refused to produce the requested material, again without any authority in support of its position. (Ex. K.) The Government instead mistakenly relied on Rule 6(e) to argue that it is not required to produce the full transcript of any grand jury proceeding in which a defendant's statement is used. (Ex. K.) However, Defendants are not requesting (by this motion) the full transcript of any grand jury proceeding; instead, Defendants seek "the portions" of any such transcript that contain Mr. Wogsland's written or recorded statements. Rule 16 plainly requires the production of that material. The parties are at an impasse with request to Defendants' Rule 16 requests and seek the Court's intervention.[2]

## III.    ARGUMENT

### A.    Legal Standard

Rule 16 generally requires the government to disclose all requested documents and items that are "material to preparing the defense," which means that the government must produce all

---

[2] Defendants' Local Rule 16(b) Statement of Good Faith is attached as Exhibit L.

requested information that may play a role "uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment and rebuttal." *U.S. v. Gladdis*, 877 F.2d 605, 611 (7th Cir. 1989). Additionally, Local Rule 16(a) requires that the government produce all material responsive to Rule 16 without request or motion by any party. A trial court has "inherent authority to order and supervise discovery in a criminal case above and beyond" the applicable rules. *U.S. v. Williams*, 792 F. Supp. 1120, 1123-24 (S.D. Ind. 1992).

Rule 16 was amended in 1991 to "broaden[] the government's disclosure obligations" with respect to a defendant's statements. *U.S. v. Ionia Management S.A.*, 2007 U.S. Dist. LEXIS 56577, at *3 (D. Conn. Aug. 2, 2007) (citing *U.S. v. Stein*, 424 F. Supp. 2d 720, 728-29 (S.D.N.Y. 2006)). Rule 16 specifically requires the disclosure of a defendant's written or recorded statements that are within the Government's possession, custody, or control. Rule 16(a)(1)(B) provides, in relevant part:

> **(B) Defendant's Written or Recorded Statement.** Upon a defendant's request, the government must disclose to the defendant, and make available for inspection, copying, or photographing, all of the following:
>
> (i) any relevant written or recorded statement by the defendant if:
>
> - the statement is within the government's possession, custody, or control; and
>
> - the attorney for the government knows—or through due diligence could know—that the statement exists;
>
> (ii) the portion of any written record containing the substance of any relevant oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent; and
>
> (iii) the defendant's recorded testimony before a grand jury relating to the charged offense.

Each of the categories of information sought by this motion fit squarely within the plain language of Rule 16 and must be produced.

**B.**     **Defendants are Entitled to All Documents and Information Shared Between the Government and Roadrunner Related to the Government's Investigation.**

Defendants requested that the Government produce certain clearly defined categories of documents and information related to Roadrunner's internal investigations and witness interview downloads, which may be summarized as: (1) all documents and information shared with the Government related to Roadrunner's witness interviews, including any summaries or representations provided about the interview; (2) all documents and information related to the "download" of information related to that interview; and (3) all materials shared with the Government by Roadrunner or its counsel related to their underlying investigation. Contrary to its vague, self-serving letters, the Government has not fully complied with its discovery obligations related to these categories of documents and information in its possession.

The Government participated in regular meetings with Roadrunner's counsel to obtain information about Roadrunner's investigation, including but not limited to "downloading" the details of witness interviews. The Government has represented that it does "not have any documents prepared by Company Counsel – whether they include the substance of interview or not." (Ex. D). Taking that representation as true, it is inconceivable that the Government does not have notes from those meetings reflecting the purely factual information conveyed to them by an adversary. The Government also is certainly aware of who participated in those meetings and the dates on which they occurred. Such information is not privileged and likely reflected in the Government's notes. This information is highly relevant, plainly discoverable, and must be produced. *See U.S. v. West*, 790 F. Supp. 2d 673 (N.D. Ill. 2011).

Specifically, with respect to the "interview downloads," the Government's summary memos produced to the Defendants are inconsistent, often omitting the date of the interview or subsequent download session, the law firm who conducted the interview or the download, and

certain factual information from the underlying interviews. None of the interview downloads produced by the Government state what attorneys conducted the interview or who was present for the download. Defendants believe that the Government likely has more information than what is contained in the download summaries because, on September 8, 2019, the Government produced a new "index" that includes the dates of each underlying interview and the law firm that conducted the interview. (Ex. B.) In many cases, that information is not available from the face of the interview download, suggesting that the Government retrieved it from some other document. Defendants are entitled to any notes or other documents containing that and related information.

Indeed, the Government likely has drafts or copies of the interview download session notes—which the Government describes as having come from "conversations" with Roadrunner's counsel—that contain different or additional information than what was ultimately produced in the "interview download" memo to Defendants. The Government was also present during each download session and has represented that the Government, rather than company counsel, prepared the interview downloads. It is therefore implausible that the Government does not also have drafts, copies, and notes reflecting the process by which these downloads were created.

Courts recognize that investigatory materials shared with a government agency come within the Rule 16 framework and are discoverable. *See U.S. v. Bergonzi*, 216 F.R.D. 487 (N.D. Cal. 2003) (compelling disclosure pursuant to Rule 16 and *Brady* of company's internal investigation materials shared with the government); *U.S. v. Buske*, 2011 U.S. Dist. LEXIS 77842, at *27 (E.D. Wisc. 2011) (if the government had any reports from a company's internal investigation, the court "would have required their production under *Brady* and Rule 16(a)(1)(E)"). In fact, this issue was squarely addressed in nearly identical circumstances in *SEC v. Vitesse Semiconductor Corp.*, 2011 U.S. Dist. LEXIS 77538 (S.D.N.Y. 2011). There, during an SEC

investigation into the defendant company, the company's audit committee hired a law firm to conduct an internal investigation and interview the company's witnesses. The attorneys took handwritten notes of those interviews and created a written summary of the investigation for the audit committee. *Id.* at *4. Thereafter, the audit committee produced an "oral summary of the internal investigation's prior interviews" to the company's adversary, the SEC, and further provided oral interview "downloads" of certain witness interviews. *Id.* at *5. The court conducted an *in camera* review of the notes from those downloads and determined that the company waived work product privilege as to the interview notes by orally conveying them to its adversary. *Id.* at *9. The court reached that conclusion in part because "the SEC – the very government agency that received the privileged material – is actually a party to the instant action and thus could use the information produced by [the company] in this case against the defendants." *Id.* at *10. The defendants' motion to compel production of the interview notes was granted. *Id.*[3] Other courts reach the same conclusion where the substance of witness interviews conducting during an internal investigation are orally provided to an adversarial government entity. *See SEC v. Herrera*, 324 F.R.D. 258, 264 (S.D. Fla. 2017) (collecting cases).

The requested documents are material to preparing the defense, as they likely contain exculpatory information and Defendants' own compelled statements, may assist impeachment and rebuttal of government witness testimony, and are likely to lead to the discovery of other admissible evidence. The potential availability of some or all of this information from third parties

---

[3] Although *Vitesse* involved a motion to compel this information from the company, the analysis applies equally here, where the Government has produced its interview download summaries to the Defendants in this proceeding. The statements of an adversary memorialized in attorney notes are not privileged or attorney work product. Moreover, the Defendants seek only what the Government has in its possession, and are in the process of obtaining additional information from the Company's outside counsel with respect to information in the possession of those third parties.

does not relieve the Government of its discovery obligation to produce all documents that are in its possession, custody, or control.

Additional materiality of these documents is more fully set forth in the Motion to Dismiss, which describes how the discovery produced so far paint a clear picture of frequent, extensive, and highly cooperative meetings between the government and Roadrunner's counsel. The process by which the Government appears to have deputized Roadrunner and its counsel to conduct the Government's investigation has raised serious concerns impacting Defendants due process and other constitutional rights. Defendants are entitled to probe the extent to which their improperly obtained statements may have tainted other aspects of the government's investigation and resulting indictments. *See U.S. v. Stein*, 440 F. Supp. 2d 315, 337-38 (S.D.N.Y. 2006) (suppressing defendants' statements and the fruit thereof where the government exerted pressure on the defendants through their employer to make statements they otherwise would not have made); *U.S. v. Conti*, 864 F. 3d 63, 54-56 (2d Cir. 2017) (the government's use of testimony compelled by a foreign enforcement agency violated the defendants' fifth amendment rights); *see also U.S. v. Connolly*, 2019 U.S. Dist. LEXIS 76233, at *31-46 (S.D.N.Y. 2019) (holding that the defendant employee was compelled to provide statements to his employers and that the employer's investigation was fairly attributable to the government, but declining to grant *Kastigar* relief).

Accordingly, Defendants respectfully request that the Court compel the Government to produce all documents and information in its possession responsive to the categories of documents set forth in Defendants' August 19, 2019 letter (Ex. A).

### C. Mr. Wogsland Is Entitled to Production of His Statements Contained In Any Grand Jury Transcript.

#### 1. Mr. Wogsland's Written or Recorded Statements Must Be Provided Under Rule 16.

Mr. Wogsland's statements made in front of the September 12, 2017 grand jury constitute his written or recorded statements under the plain language of Rule 16(a)(1)(b)(iii). The Government does not dispute that, and has produced the entire transcript of Mr. Wogsland's testimony. Now, however, the Government refuses to produce the portions of any other grand jury transcripts of witness testimony presenting Mr. Wogsland's grand jury testimony. That position finds no support in the plain language of Rule 16 or the case law interpreting that rule.

First, Defendants' request fits squarely within Rule 16(a)(1)(B)(ii). Mr. Wogsland's statements in the September 12, 2017 grand jury are "statement[s] in response to interrogation" by a government agent and the subsequent grand jury transcripts are "written records." To the extent that any subsequent grand jury transcript contains Mr. Wogsland's recorded statements, those portions are also subject to disclosure under the plain language of Rule 16(a)(1)(B)(ii). *See U.S. v. Saunders*, 826 F.3d 363, 370 (7th Cir. 2016) (rejecting discovery arguments that contravene the plain language of Rule 16).

Second, the requested documents also fall within the purview of Rule 16(a)(1)(B)(iii). Mr. Wogsland's original testimony before the September 12, 2017 grand jury is indisputably subject to disclosure under that rule and was produced by the Government. To the extent that other documents exist containing some or all of that discoverable grand jury testimony, Defendants are entitled to the discovery of those portions of the documents as well, as discussed in Subsection 2, below.

2. **The Government's Reasons for Withholding the Requested Information are Unsupported and Inconsistent with the Plain Language of Rule 16.**

The Government has refused to produce additional grand jury transcripts containing Mr. Wogsland's statements on three grounds, none of which overcome the Government's Rule 16 disclosure obligations. First, the Government contends that this Court's open file policy "does not call for the early disclosure of grand jury transcripts." (Ex. G.) Although the Government admits that it "has nevertheless produced [certain] grand jury transcripts" it claims to see no "basis for producing other grand jury transcripts at this time or providing any information about those transcripts." (Ex. G.) The Government's position ignores the distinction between the general production of secret grand jury transcripts and the production of transcripts containing the statements of a defendant under Rule 16. By this Motion to Compel, the Defendants are not seeking an order requiring the Government to produce any and all transcripts of grand jury proceedings related to this matter[4] Rather, Defendants are requesting the specific **portions** of any transcripts that contain his own statements and fall within the purview of Rule 16.

Second, the Government contends that Mr. Wogsland "ha[s] Mr. Wogsland's entire grand jury testimony," and therefore concludes without further explanation that the use of that testimony "in another proceeding [] would not render the transcript of that later in time proceeding Rule 16 material." (Ex. I.) That conclusion is patently incorrect because, as counsel for Mr. Wogsland already explained to the Government, Rule 16 requires the production of *every* instance of a Defendant's statements, even if the statements were previously produced verbatim. *See, e.g.*, *U.S.*

---

[4] Defendants' Motion to Dismiss seeks, as one form of alternative relief, production of all grand jury materials in this matter. However, this Motion to Compel under Rule 16 seeks only the portions of the other grand jury transcripts that contain any substance from Mr. Wogsland's grand jury testimony. If the Court grants Defendants alternative relief in the form of disclosure of all grand jury materials, this aspect of Defendants' Motion to Compel would be moot.

*v. MST Mineralien Schiffarht Spedition Und Trans. GmbH*, 2017 U.S. Dist. LEXIS 191259, at *6 (D. Maine 2017) (Rule 16 "means that if the government is in possession of a document, regardless of its format or title, that contains the substance of a witness's statement, it must disclose that portion of the document upon request. That the same statement may have also been disclosed in a memorandum, report, or any other distillation or restatement, even verbatim, does not suffice to satisfy the clear command of Rule 16(a)(1)(B)(ii)."); *U.S. v. Finley*, 1987 U.S. Dist. LEXIS 9813, at *2-3 (N.D. Ill. 1987) (transcripts of defendants' recorded conversations are discoverable under Rule 16, even if the defendants already have the recordings themselves).

Third, the Government argues that Rule 6(e), rather than Rule 16, governs the disclosure of portions of grand jury transcripts that contain the statements of a defendant. (Ex. K.) That is not correct. "Rule 6 must be read together with Rule 16, which provides for the discovery of the defendant's statement to the Grand Jury." *U.S. v. Dixon*, 63 F.R.D. 8, 9 (D. Del. 1974) (holding that "clearly, [the defendant] is entitled to his own testimony"). Indeed, Rule 16(a)(3) expressly provides that the disclosure of grand jury transcripts is governed by the provisions of Rule 16(a)(1) cited above. Rule 16(a)(3) ("This rule does not apply to the discovery or inspection of a grand jury's recorded proceedings, **except as provided in Rules 6, 12(h), 16(a)(1),** and 26.2"). Defendants seek only what Rule 16 entitles them to receive, which is the discrete portions of any grand jury transcript that contains a defendant's *own* statements. This request will have no effect on Rule 6's purpose of maintaining the secrecy of grand jury proceedings.

>   **3.      Given the Unusual Nature of Mr. Wogsland's Grand Jury Interrogation, Discovery of the Portions of His Testimony that the Government Used to Indict Mr. Wogsland is Material to his Defense.**

The parties' disagreement as to the discoverability of those transcripts stems from the Government's unusual pre-indictment conduct in this case. As explained further in Defendants' Motion to Dismiss (which Defendants incorporate by reference), Mr. Wogsland testified in front

of a grand jury in Washington, D.C. in September 2017, approximately nine months before he was indicted in this District. The Government has implicitly acknowledged that subsequent grand juries were convened in this District (and perhaps elsewhere). Thus, Defendants believe that some or all of Mr. Wogsland's testimony was presented to those later-convened grand juries and used to support his indictment. Therefore, while Rule 16 is not generally applied to these peculiar circumstances, the unusual nature of the Government's conduct is not a reason to dispense with the plain language of the rule.

Further, Mr. Wogsland's grand jury interrogation was inappropriately argumentative, combative, accusatory, and frankly confusing. In many instances, the Government's agents posed "questions" that span more than a page and depend on interpretation of multiple hypothetical facts and situations. (*See* Defs.' Mot. to Dismiss at Section III(C).) Put generously, Mr. Wogsland's testimony is open to many interpretations, requires lengthy context to fully understand, can could be easily misconstrued if taken from that context. Mr. Wogsland is entitled to discover which of his statements the government relied upon in later grand jury proceedings that resulted in his indictment and, equally importantly, what testimony the government *omitted*.

Lastly, Defendants have serious concerns about the Government's use of Mr. Wogsland's compelled statements to Roadrunner's counsel in the Government's investigation and charging of this case. (*See* Defs.' Mot. to Dismiss.) Those concerns are exacerbated by the fact that Mr. Wogsland was represented during his grand jury testimony by outside counsel to Roadrunner. Defendants are exploring those due process violations through these critical discovery requests and Rule 17 subpoenas to the various involved law firms. The Government must produce responsive documents in its possession.

## IV.    CONCLUSION

WHEREFORE, for the reasons set forth herein, Defendants respectfully requests that this Court grant this Rule 16 Motion to Compel and compel the Government to produce certain investigation materials the Government received from Roadrunner through its outside counsel, including documents and information related to witness interview downloads, and Mr. Wogsland's written or recorded statements.

Respectfully submitted,

MARK WOGSLAND

By:   s/ Ryan S. Hedges
One of His Attorneys

Ryan S. Hedges – IL Bar #6284872
Junaid A. Zubairi – IL Bar # 6278783
Jonathon P. Reinisch- IL Bar # 6317528
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500
rhedges@vedderprice.com

Dated:  October 18, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing motion was served on all attorneys of record in the above captioned case via the CM/ECF electronic filing system on October 18, 2019.

/s/ Ryan S. Hedges
Ryan S. Hedges