IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

v.

BRET NAGGS, MARK WOGSLAND, and
PETER ARMBRUSTER,

        Defendants.

Case No. 18-CR-130

## DEFENDANTS' REPLY BRIEF IN SUPPORT OF RULE 16 MOTION TO COMPEL

Ryan S. Hedges
Junaid A. Zubairi
Jonathon P. Reinisch
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T: +1 312 609 7500
rhedges@vedderprice.com
jzubairi@vedderprice.com
jreinisch@vedderprice.com

Dated: December 18, 2019

**TABLE OF CONTENTS**

Page

I.    INTRODUCTION ................................................................................................. 1

II.   ARGUMENT....................................................................................................... 2

      A.    The Government's Opposition Mispresents the Narrow and Specific
            Categories of Documents and Information That Defendants Seek....................... 2

            1.    Defendants do not seek the government's work product........................... 3

            2.    Defendants only seek documents in the government's possession............. 5

      B.    The Limited Discovery Obtained By Defendants From Third Parties Has
            No Bearing On The Government's Discovery Obligations.................................. 5

      C.    The Requested Discovery is Relevant and Material, and Therefore
            Discoverable ..................................................................................................... 9

      D.    The Government's So-Called "Comprehensive, Well-Organized
            Discovery" is Irrelevant and Unrelated to the Issues Raised in the Motion
            to Compel.......................................................................................................... 11

      E.    Defendant Wogsland Requests Disclosure of Only the Portions of Grand
            Jury Transcripts That Contain His Statements................................................... 11

III.  CONCLUSION.................................................................................................... 15

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Landis v. Tailwind Sports Corp.*,
303 F.R.D. 419 (D.D.C. 2014)................................................................................4

*Miller v. Holzmann*,
2007 U.S. Dist. LEXIS 16117 (D.D.C. Mar. 8, 2007)............................................4

*Rawat v. Navistar Int'l Corp.*,
2011 U.S. Dist. LEXIS 98432 (N.D. Ill. 2011) .....................................................4

*SEC v. Vitesse Semiconductor Corp.*,
2011 U.S. Dist. LEXIS 77538 (S.D.N.Y. 2011)........................................4, 10, 11

*SEC v. Vitesse Semiconductor Corp.*,
771 F. Supp. 2d 310 (S.D.N.Y. 2011).................................................................10

*Tolliver v. U.S.*,
2008 U.S. Dist. LEXIS 94938 (S.D. Ill. Nov. 21, 2008) .....................................12

*U.S. v. Bautista*,
2005 WL 3560679 (E.D. Wisc. 2005) ...................................................................13

*U.S. v. Bergonzi*,
216 F.R.D. 487 (N.D. Cal. 2003).....................................................................4, 10

*U.S. v. Callahan*,
534 F.2d 763 (7th Cir. 1976) ...........................................................................12, 13

*U.S. v. Campbell*,
324 F.3d 497 (7th Cir. 2003) ...............................................................................12

*U.S. v. Coe*,
220 F.3d 573 (7th Cir. 2000) ...............................................................................13

*U.S. v. Finley*,
1987 U.S. Dist. LEXIS 9813 (N.D. Ill. 1987) .....................................................14

*U.S. v. Fregoso-Bonilla*,
494 F. Supp. 2d 1014 (E.D. Wisc. 2007)...............................................................9

*U.S. v. Hayes*,
376 F. Supp. 2d 736 (E.D. Mich. 2005)...............................................................12

*U.S. v. Kilroy*,
523 F. Supp. 206 (E.D. Wisc. 1981) ........................................................................12

*U.S. v. MST Mineralien Schiffarht Spedition und Transp. GmbH*,
2017 U.S. Dist. LEXIS 191259 (D. Maine 2017) ............................................13, 14

**Rules**

FED. R. CRIM. PROC. 16 .........................................................1, 5, 6, 7, 9, 10, 12, 13, 14, 15

FED. R. CRIM. PROC. 16(a)(1)(B) ...............................................................................11, 15

FED. R. CRIM. PROC. 16(a)(1)(E) .....................................................................................6

FED. R. CRIM. PROC. 16(a)(1)(E)(i) ..................................................................................9

FED. R. CRIM. PROC. 16(d)(2)(A) .....................................................................................1

FED. R. CRIM. PROC. 17 .....................................................................................................7

**Other Authorities**

Justice Manual 9-11.233 – Presentation of Exculpatory Evidence
*available at* https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.233 .........................15

Defendants Bret Naggs, Mark Wogsland, and Peter Armbruster (collectively, "Defendants"), by their respective counsel, hereby submit this reply brief in support of their motion pursuant to Rule 16(d)(2)(A) of the Federal Rules of Criminal Procedure to compel the government to produce the following certain relevant materials in its possession that are subject to disclosure under Rule 16.

## I.  INTRODUCTION

This is not a typical case and it did not arise from a typical investigation. As detailed in the briefs supporting Defendants' Motion to Dismiss, the government worked in close conjunction with Roadrunner and its outside counsel to obtain coerced statements from Defendants (and other Roadrunner employees) in violation of *Garrity*, and used those statements as the foundation for its case against Defendants. Worse still, the government subpoenaed certain Roadrunner employees, including defendant Wogsland, to testify before a grand jury sitting in Washington, D.C., while represented by Roadrunner's obviously conflicted outside counsel. The government then presented the case to at least one grand jury panel sitting in this district, in order to obtain the indictment and superseding indictment in this matter. Defendants have set out compelling evidence that the government's investigation and indictment were tainted by immunized statements and testimony obtained from Defendants in violation of their Fifth Amendment rights. As the government's conduct has come into clearer focus, so too has its unwillingness to provide discovery to Defendants that is plainly relevant and material to the preparation of their defenses. The government's lack of transparency and disregard of Rule 16 is troubling, and has necessitated this Motion to Compel.

Defendants seek an order requiring the government to produce two categories of documents subject to disclosure under Rule 16 that the government has steadfastly refused to provide: (1) certain investigation materials the government received from Roadrunner

Transportation Systems, Inc. ("Roadrunner") through its outside counsel or accounting/audit firms,[1] including documents and information related to witness "interview downloads"; and (2) written or recorded statements of defendant Wogsland (collectively, the "Subject Discovery").

The government provides no basis on which to withhold these documents. In fact, most of the government's opposition brief (ECF No. 103 ("Opp. or "Opposition") has nothing to do with the actual documents requested by Defendants. Rather than respond on the merits, the government repeatedly highlights documents that it *has produced*, avoiding discussion of the documents and information that the government is *withholding* that are subject to disclosure. The government also attempts to frame Defendants' targeted requests for documents in the government's possession as a fishing expedition for documents that Defendants never requested in discovery, such as the government's work product, documents outside the government's possession, and full grand jury transcripts. The government's inapplicable arguments raise more questions than they answer. The Court should put a stop to this nonsense and grant Defendants' Motion to Compel in its entirety.

## II.  ARGUMENT

### A.  The Government's Opposition Mispresents the Narrow and Specific Categories of Documents and Information That Defendants Seek.

The Motion to Compel seeks two discrete categories of discoverable information: (1) documents shared with the government by the Roadrunner Parties related to Roadrunner's internal investigation; and (2) the written and recorded statements of defendant Wogsland contained in any grand jury transcript. Yet, for some reason, the government accuses Defendants of seeking "materials outside of the government's possession," "government work product," and "grand jury materials not subject to discovery." (Opp. at 2.) A plain reading of the Subject

---

[1] Throughout this Reply Brief, the term "Roadrunner Parties" is used to refer to Roadrunner, its various outside counsel, its various outside accounting or audit firms, and any other person or entity acting on Roadrunner's behalf.

Discovery makes clear that Defendants seek *none* of those documents. The government's attempted distractions only make its refusal to produce fundamentally relevant and discoverable information more obvious.[2]

### 1. Defendants do not seek the government's work product.

On at least six different occasions in its Opposition, the government recasts the Motion to Compel as "a baseless fishing expedition into the government's files for work product." (Opp. at 8.)[3] But this Motion to Compel does not seek work product, at all. The first requested category requests documents and information *provided to the government by third parties*. Those documents might include, for example, emails from the Roadrunner Parties, documents reflecting presentations by the Roadrunner Parties to the government, or documents reflecting reports or summaries of information provided by the Roadrunner Parties. None of this could possibly constitute the government's work product. The second category requests the portions of grand jury transcripts that contain the written or recorded statements of defendant Wogsland, which also plainly is not the government's work product. Defendants do not want and have not requested or sought to compel any of the government's work product.

Although the government does not articulate this concern in its opposition, the only type of information falling within the scope of this Motion to Compel that the government could conceivably characterize as work product is the government's notes of oral conversations it had

---

[2] The requested documents are highly relevant to the defense of this case on the merits. However, the government's primary motivation in refusing to produce them appears to be their relevance to issues related to prosecutorial misconduct and violations of the defendants' constitutional rights, described in detail in the briefing supporting the defendants' Motion to Dismiss.

[3] *See also* Opp. at 2 ("now the defendants are demanding . . . government work product"; Opp. at 4 ("much of the [requested information] constitutes government work product"); Opp. at 8 ("the defendants' [sic] claim that they need the government's work product"); Opp. at 9 ("defendants have not explained how government work product" is relevant); Opp. at 18 ("their requests are solely for the government's work product").

with the Roadrunner Parties. Nevertheless, this hypothetical argument should be rejected out of hand because the government has not identified any specific documents or information claimed to be work product. *See Rawat v. Navistar Int'l Corp.*, 2011 U.S. Dist. LEXIS 98432, at *7 (N.D. Ill. 2011) (granting motion to compel in part because the nonmovant failed to specifically identify what documents it claimed were protected by the work product doctrine). Further, by accepting the factual "downloads" related to Roadrunner's employee interviews from the Roadrunner Parties (to the exclusion of Roadrunner's counsel's mental impressions, conclusions, and legal theories), the government has demonstrated its understanding that the sharing of factual investigatory information does not violate the work product doctrine.[4]

Moreover, the government's broad claim that all of its notes of conversations with the Roadrunner Parties include the government's work product fails for two additional reasons. First, the government's notes related to investigatory interviews are subject to disclosure. *See Miller v. Holzmann*, 2007 U.S. Dist. LEXIS 16117, at *4-5 (D.D.C. Mar. 8, 2007) (holding that government interview notes are not work product and, even if they were "fact" work product, they would be discoverable based on Defendants' need to impeach witnesses or learn of exculpatory witnesses). Second, even assuming the existence of some opinion work product somewhere in those notes, the government would be free to redact the purported opinion work product and provide Defendants with the factual information. *See Landis v. Tailwind Sports Corp.*, 303 F.R.D. 419, 426 (D.D.C. 2014) (ordering disclosure of law enforcement memorandum and inviting the government to redact

---

[4] Even if the Roadrunner employee interview downloads were the Roadrunner Parties' work product, their disclosure to Roadrunner's adversary waived work product production. *See SEC v. Vitesse Semiconductor Corp.*, 2011 U.S. Dist. LEXIS 77538, at *9-10 (S.D.N.Y. 2011) (holding that the oral disclosure of "interview downloads" to the SEC waived work product privilege as to the interview notes); *U.S. v. Bergonzi*, 216 F.R.D. 487, 498 (N.D. Cal. 2003) (disclosure of work product to the government waived work product protection). That same principle applies here to the government's production of the interview download summaries it created and produced.

any opinion work product from the documents). In short, the government never identifies what specifically it claims to be work product protected, so Defendants (and presumably the Court) are at a loss. But that does not matter because factual information conveyed to the government by a third party is plainly discoverable under Rule 16 based on Defendants' substantial need for the information.

### 2. Defendants only seek documents in the government's possession.

The government also accuses Defendants of seeking "materials outside the government's possession," but fail to explain how the Subject Discovery seeks such materials. (Opp. at 2.) The Motion to Compel obviously seeks no such thing. Documents provided by the Roadrunner Parties *to the government* are certainly in the government's possession. That information would include, for example, correspondence with the Roadrunner Parties, the government's notes and memoranda containing factual information conveyed by the Roadrunner Parties regarding the status and substance of Roadrunner's internal investigation, and any presentation materials provided to the government by the Roadrunner Parties. Likewise, the portions of any grand jury transcripts containing defendant Wogsland's own statements are plainly in the government's custody. Simply put, Defendants are not asking the Court to order the government to produce something it doesn't have.

### B. The limited discovery obtained by Defendants from third parties has no bearing on the government's discovery obligations.

Having otherwise failed to demonstrate that Subject Discovery are not properly discoverable, the government asks the Court to rule that discovery provided by third parties excuses the government from any obligation to produce documents in *the government's* possession, custody, or control. (Opp. at 7; *see also* Opp. at 5 (complaining that Roadrunner's counsel is "the more appropriate source" for the information requested by Defendants).) There is

no legal basis for this argument, and Rule 16 plainly requires the government to produce all discoverable documents "within the government's possession custody, or control." FED. R. CRIM. PROC. 16(a)(1)(E). Rather than comply with Rule 16, the government improperly attempts to shift its disclosure obligations to Defendants, forcing Defendants to expend time and resources chasing information and documents from third parties. That is not how Rule 16 or the open file policy in this District operates.

More importantly, no third party possesses all of the documents and information that Defendants seek from the government. Only the government can produce its notes of factual information (such as, for example, the compelled testimony of a defendant) that was provided by the Roadrunner Parties. Only the government can produce its calendar and email records of meetings or communications with the Roadrunner Parties related to Roadrunner's investigation. And only the government can produce drafts and iterations of its "interview downloads," which may show alterations to witness statements that explain the dramatic discrepancies between the government's download notes and the law firms' corresponding interview notes.[5]

Even if Defendants could obtain some of the information they seek from the law firms, Roadrunner's counsel are dragging their feet. Seeking to avoid litigation over third-party subpoenas, Defendants and the law firms reached agreement for the law firms voluntarily to provide their interview download memoranda, and information related to some, but potentially not

---

[5] On this point, the government argues that inconsistencies between its notes and the law firms' interview notes demonstrate that the law firms are "the best source for telling the defendants what happened in those interviews." (Opp. at 11.) But that is irrelevant to the issue before the Court, which is that the government should be compelled to produce *its* records of relevant witness interview notes communicated to it by third parties. How Defendants or this Court interpret that information is for another day, and has no impact on the government's discovery obligations under Rule 16.

yet all, of the government's meetings and phone calls with the Roadrunner Parties. Roadrunner's counsel have yet to produce any other documents (including emails, calendar entries, billing records, etc.). Thus, it is possible that Defendants will be required to re-issue Rule 17 subpoenas should the law firms refuse to produce these materials by agreement. Thus, while Defendants chase documents from entities that are not party to this case, the government improperly refuses to comply with its own discovery obligations. Put simply, the Court's assistance is needed here.[6]

The government asserts that Defendants' receipt of the underlying witness interview notes and the dates on which the official download occurred should be sufficient. (Opp. at 8-9.) But the production of the interview download notes from third-party law firms does not extinguish Defendants' requests for the Subject Discovery. Defendants need and are entitled to *all* of the information that *the government obtained* from the Roadrunner Parties related to the internal investigation. The parties' briefing on Defendants' Motion to Dismiss (ECF No. 87) explains in detail how the government, in coordination with Roadrunner, obtained coerced testimony from Defendants and other Roadrunner employees, and used that information in violation of the Fifth Amendment to indict this case. The requested documents, which would be subject to disclosure in any criminal case, are especially relevant here.

Thus, in addition to the law firms' memoranda of notes from those interviews, Defendants are entitled under Rule 16 to whatever other information was shared by the Roadrunner Parties with the government beyond the four corners of the interview downloads. Based on other information received from the law firms, Defendants have sound reason to believe that the

_____

[6] The government requested that Defendants provide the government with copies of the materials that the law firms voluntarily provided to Defendants. Defendants honored the government's request and have provided the materials, despite having no legal obligation to do so. That irony is not lost on Defendants.

government obtained substantial information about Roadrunner's internal investigation, including the substance of Defendants compelled interviews, in meetings and conferences separate from the discussions related to the witness interview downloads. Defendants reasonably believe that the government obtained the substance of many Roadrunner employee interviews, disclosed by Roadrunner's counsel at the government's request during these meetings and/or presentations before the indictment and prior to the dates of the formalized interview downloads.

Indeed, the government's repeated efforts to couch Defendants' discovery requests as seeking *only* the memoranda of employee interview notes, which have now been produced by Roadrunner's counsel, indicate that there is additional information that was conveyed to the government by the Roadrunner Parties that the government is attempting improperly to withhold.

The government's initial reluctance to disclose the dates on which each interview occurred underscores this point. While the interview download notes that the government previously produced did not in all cases disclose the date each interview occurred, the government was able to create an index dated September 8, 2019, setting forth the purported date of each employee interview. The government necessarily relied on documents and information that Defendants do not have to create that index, which is precisely what this motion is about. Likewise, the government clearly has notes or other information showing the dates on which it received each interview download of Roadrunner's employee interviews, but the government refused to provide that information and required Defendants to seek to obtain it from third parties. That the government eventually provided this date information (Opp. Ex. 2), and that Defendants have sought additional information from third parties, does not absolve the government from fulfilling its disclosure obligations by producing all information that it obtained from the Roadrunner Parties. The government's argument to the contrary is wholly misplaced.

**C.** **The Requested Discovery is Relevant and Material, and Therefore Discoverable.**

Defendants seek documents and information the government obtained from the Roadrunner Parties and select portions of grand jury transcripts. That information is material and relevant to preparing the defense of the merits of this case, but also to the defense of violations of Defendants' constitutional rights under *Garrity* discussed in the Motion to Dismiss. The emails, phone calls, meetings, letters, and other exchanges of information between the government and the Roadrunner Parties is relevant to the coordinated investigation undertaken by the government and Roadrunner. Rule 16(a)(1)(E)(i) requires the disclosure of everything that is material to the preparation of the defense, which includes the results of Roadrunner's investigation and coerced witness statements obtained by the government and used as a basis for the indictment. The application of Rule 16 to the requested documents is clear.

The government asserts that Defendants are not entitled to the requested discovery because it contains multiple levels of hearsay and is arguably inadmissible at trial. (Opp. at 8.) But surely the government understands that admissibility is not a discovery prerequisite. Whether or not the requested discovery is inadmissible hearsay or admissible for its truth, it very well may be otherwise material to preparing the defense, including for cross-examination and impeachment. *See U.S. v. Fregoso-Bonilla*, 494 F. Supp. 2d 1014, 1018 (E.D. Wisc. 2007). How Defendants ultimately use or do not use the information at trial is not relevant to the Court's analysis of the Motion to Compel, which seeks *discovery* (not admission) of information covered by Rule 16.

The government flatly contends that because no *Garrity* violation occurred in this case, the requested discovery is not relevant. (Opp. at 9-10.) Again, the government ignores the factually detailed allegations of government misconduct contained in Defendants' Motion to Dismiss that provides a good faith basis for Defendants' requests. (Opp. at 9-10.) As detailed in the briefing

supporting the Motion to Dismiss, there is ample evidence of the government knowingly obtaining and using Roadrunner employees' compelled statements to indict this case. The limited available evidence at this time demonstrates the close nexus between the government and Roadrunner to obtain those compelled statements, such that Roadrunner's conduct is fairly attributable to the government. Defendants will let the briefing on the Motion to Dismiss speak for itself, but in any event, they need not *prove* constitutional violations warranting dismissal in order to obtain discovery relevant to those claims. The discovery sought by this motion may very well provide additional support for those allegations.

The government's attempt to distinguish *Bergonzi*, 216 F.R.D. 487, is based on a flawed and overly narrow reading of that opinion. (Opp. at 10.) In *Bergonzi*, the court held that third-party investigatory materials in the government's possession were non-privileged, not work product, and discoverable under Rule 16. The documents at issue were an investigation report and interview memoranda of company employee interviews. *Id.* at 491. The movant in *Bergonzi* sought to compel production of only the report and memoranda, and the court granted that request. *Id.* at 498, 502. The holding was not limited to written interview reports, as the government suggests. Rather, the case stands for the broader proposition that third-party investigatory materials in the government's possession are material and discoverable under Rule 16. Thus, the government's specific statement that is has produced "the substance of the 'interview downloads'" misses the point. The government must *also* produce any other documents reflecting or containing the substance of Roadrunner's investigation that was conveyed to the government along the way in the investigation, not just the final, formalized interview download memoranda that the government created (in some instances after the indictment in this case).

Likewise, the government fails to explain why *SEC v. Vitesse Semiconductor Corp.*, 771 F. Supp. 2d 310 (S.D.N.Y. 2011), does not bear directly on the issues presented here—and compel the government's production of the requested materials. The government claims that *Vitesse* stands only for the proposition that the government waived applicable privileges related to documents sought by a subpoena. The court in *Vitesse* did hold that the government waived its privilege, but it also ordered production of the documents, which necessarily means that the underlying investigatory information was discoverable. The government has failed to establish that the factual information it obtained from the Roadrunner Parties is not discoverable, and the Motion to Compel should therefore be granted.

**D.      The Government's So-Called "Comprehensive, Well-Organized Discovery" is Irrelevant and Unrelated to the Issues Raised in the Motion to Compel.**

The government applauds itself for various discovery conduct, including the production of "load ready documents" and identification of what the government views as "key" or "notable" documents. (Opp. at 2-3.) But again, the government's arguments are misguided. Defendants have not taken issue with such conduct. In fact, other than justifiably bemoaning the government's production of more than nine million pages of documents, which has utterly frustrated the fact-finding goals of discovery, the Motion to Compel does not address or seek any relief related to the documents the government *has* produced. Defendants need the documents that the government is withholding, and the Court should disregard the government's irrelevant, self-congratulatory statements about what it has produced.

**E.      Defendant Wogsland Requests Disclosure of Only the Portions of Grand Jury Transcripts that Contain His Statements.**

By this Motion to Compel, defendant Wogsland requests production of the portions of any grand jury transcript containing his own statements.   This issue is straightforward. Rule 16(a)(1)(B) requires production of "any written record containing the substance of any relevant

oral statement made before or after arrest if the defendant made the statement in response to interrogation by a person the defendant knew was a government agent," and specifically includes a defendant's testimony before a grand jury. In this case, defendant Wogsland testified before a grand jury in Washington D.C., and then portions of that testimony were presumably read or otherwise presented to a grand jury sitting in this District.[7] The government concedes that the former grand jury transcript is discoverable under Rule 16, but ignores the plain language of the Rule in declaring the latter grand jury transcript undiscoverable. The lack of precedent on this issue—which the government offers as justification for the Court to deny it—is not surprising due to the highly unusual circumstances of this case, detailed in Defendants' Motion to Dismiss. But in the absence of directly applicable authority, the plain language of Rule 16 governs and requires production of the requested transcripts.

Further, the case law on which the government relies does not apply to defendant Wogsland's request. (Opp. at 14-15.) Not one of those cases interpreted a discovery request under Rule 16 for a defendant's own statement. Rather, each involved a request for full grand jury transcripts. *See U.S. v. Hayes*, 376 F. Supp. 2d 736, 740 (E.D. Mich. 2005) (analyzing a request for grand jury transcripts from a separate proceeding in which the defendants were never involved); *U.S. v. Campbell*, 324 F.3d 497, 498 (7th Cir. 2003) (defendant sought all grand jury transcripts and attendance records of all grand jurors); *Tolliver v. U.S.*, 2008 U.S. Dist. LEXIS 94938, at *5-7 (S.D. Ill. Nov. 21, 2008) (party sought all grand jury transcripts to investigate a baseless theory); *U.S. v. Kilroy*, 523 F. Supp. 206, 209 (E.D. Wisc. 1981) (defendant sought all grand jury

---

[7] We say presumably, because the government still has never represented to the defendants or to the Court that no statements of defendant Wogsland (or any other defendant) were presented to a grand jury sitting in this district.

transcripts). The government's cases are inapposite; this Motion to Compel seeks only the portions of subsequent grand jury transcripts that contain defendant Wogsland's statements.

The government incorrectly argues that *U.S. v. Callahan*, 534 F.2d 763, 765 (7th Cir. 1976), "forecloses [Mr. Wogsland's] argument." (Opp. at 15-16.) But *Callahan* did not analyze the issue before the Court, and is not even relevant to Defendants' motion to compel. In *Callahan*, the defendants sought under Rule 16 "portions of grand jury testimony which allegedly relate [to] the statements or confessions of the defendants *as related to third persons.*" *Id.* at 764 (emphasis added). The sole issue on review was whether:

> the oral statements *of prospective government witnesses* incorporating oral statements of a defendant, in the nature of confessions, admissions, or acknowledgements of guilt, made to the witness and which were first memorialized only in the recollections of, *then recalled by the witness*, and transcribed [were]: (a) discoverable prior to trial as 'statements of the defendant' pursuant to Rule 16, or (b) precluded from pretrial discovery under § 3500 as 'statements of the witness.'

*Id.* at 765 (emphasis added). In other words, the defendants in *Callahan* were not seeking their own statements, but rather the grand jury testimony of third parties testifying about their recollection of statements that were allegedly made by the defendants. That is not what defendant Wogsland seeks in this case. Defendant Wogsland seeks only the portions of any grand jury transcripts that contain *his own* direct statements re-presented from his own grand jury testimony. Indeed, the *Callahan* court recognized that such statements are governed by (and thus discoverable under) Rule 16. *Id.* ("[W]e believe the inescapable conclusion is that the delineated portions of the transcribed Grand Jury testimony are 'statements' of 'witnesses' within the reading of § 3500 and not 'statements of defendants' within the purview of Rule 16.").

The government next delves into an analysis of agent note disclosure, again failing to recognize that defendant Wogsland is seeking only *his own statements* pursuant to Rule 16, not any other document or statements from any other person. (Opp. at 17.) The government cites *U.S.*

*v. Coe*, 220 F.3d 573 (7th Cir. 2000) and *U.S. v. Bautista*, 2005 WL 3560679 (E.D. Wisc. 2005), to establish that agent notes need not be disclosed if a report that contains all of the information from those notes is produced instead. (Opp. at 16.) But defendant Wogsland is not requesting agent notes or the content of any other witness's statements, so those cases are inapposite. Indeed, *MST Mineralien* establishes that a defendant is entitled to his own statements in every existing form, even if the government has previously provided the defendant's statements in a different format. *See U.S. v. MST Mineralien Schiffarht Spedition und Transp. GmbH*, 2017 U.S. Dist. LEXIS 191259, at *6 (D. Maine 2017).[8]

Lastly, the government contends that defendant Wogsland's request should be denied because the government's argumentative, combative, and often unintelligible questioning of defendant Wogsland in the grand jury is not a basis on which to compel the disclosure of grand jury material. (Opp. at 17.) The government again misses the point. Defendant Wogsland is entitled to his own statements under Rule 16 regardless of whether the grand jury proceeding was conducted properly or not. But the strong evidence of a *Garrity* violation in this case, coupled with the argumentative questioning of defendant Wogsland and the substantial exculpatory testimony he provided (*see* ECF No. 87-15), raise serious questions about what portions of defendant Wogsland's testimony the government presented to the grand jury (or juries) in this district, and whether the government obtained the indictment and superseding indictment through the use of evidence tainted by the *Garrity* violations. And while the government predictably argues that the Constitution does not require the government to present exculpatory evidence to the grand jury,

---

[8] Defendants also cited *U.S. v. Finley*, 1987 U.S. Dist. LEXIS 9813, at *2-3 (N.D. Ill. 1987) for the same proposition—that defendants are entitled to copies of their own statements in every form they exist, regardless of whether the same statements were already produced in some other form. The government ignores that case, while at the same time complaining that *MST Mineralien* is an "out-of-circuit case." (Opp. at 16.)

and therefore its failure to do so is not a basis on which to order the disclosure of grand jury transcripts (Opp. at 17 n.4.), it is worth pointing out that the government's official policy instructs otherwise:

> It is the policy of the Department of Justice, however, that when a prosecutor conducting a grand jury inquiry is personally aware of substantial evidence that directly negates the guilt of a subject of the investigation, the prosecutor **must** present or otherwise disclose such evidence to the grand jury before seeking an indictment against such a person. While a failure to follow the Department's policy should not result in dismissal of an indictment, appellate courts may refer violations of the policy to the Office of Professional Responsibility for review.

(Justice Manual 9-11.233 – Presentation of Exculpatory Evidence (emphasis added), *available at* https://www.justice.gov/jm/jm-9-11000-grand-jury#9-11.233.) If the government failed to present to the grand jury in this district the exculpatory portions of the 284-page transcript of defendant Wogsland's grand jury testimony, that would be yet another reason for the Court to look upon the government's conduct in this case with a jaundiced eye.

## III.    CONCLUSION

By their Motion to Compel, Defendants are seeking only two narrow categories of documents that are material to the defense of the merits of the case and against the government's alleged violation of their constitutional rights. First, Defendants seek documents and information shared with the government by the Roadrunner Parties, which are required to be disclosed under Rule 16 and, by definition, are not the government's work product. Second, Defendant Wogsland seeks under Rule 16(a)(1)(B) only the portions of any grand jury transcripts that contain his own statements. Neither request should have required litigation, but for the reasons stated herein and in Defendants' Motion to Compel, Defendants respectfully request an order compelling the government to comply with Defendants' requests for the Subject Discovery.

Respectfully submitted,

MARK WOGSLAND

By:  /s/ Ryan S. Hedges
        One of His Attorneys

Ryan S. Hedges – IL Bar #6284872
Junaid A. Zubairi – IL Bar # 6278783
Jonathon P. Reinisch – IL Bar # 6317528
Vedder Price P.C.
222 North LaSalle Street
Chicago, Illinois 60601
T:  +1 312 609 7500
rhedges@vedderprice.com
jzubairi@vedderprice.com
jreinisch@vedderprice.com

Dated:  December 18, 2019

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served on all attorneys of record in the above captioned case via the CM/ECF electronic filing system on December 18, 2019.

/s/ Ryan S. Hedges
Ryan S. Hedges