UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                      Case No. 18-CR-130

PETER ARMBRUSTER,
MARK WOGSLAND, and
BRET NAGGS,

    Defendants.

---

### ORDER ON DEFENDANTS' MOTION TO COMPEL, MOTION FOR A BILL OF PARTICULARS, AND MOTION FOR A *SANTIAGO* PROFFER, AND NON-PARTIES' MOTION TO QUASH SUBPOENAS

---

On April 2, 2019, a grand jury returned a nineteen-count superseding indictment charging Peter Armbruster, Mark Wogsland, and Bret Naggs ("Defendants") with violating more than a dozen federal laws and regulations in their roles as officers or employees of a publicly-traded company, Roadrunner Transportation Systems, Inc. ("Roadrunner"). (Docket # 48.) The case has been designated as complex and referred to me for pretrial management. (Docket # 7.) The Defendants move for a bill of particulars (Docket # 86; *see also* Docket # 81, Docket # 93); to compel production of certain materials under Federal Rule of Criminal Procedure 16 (Docket # 91; *see also* Docket # 83, Docket # 94); and for a *Santiago* proffer (Docket # 80; *see also* Docket # 84, Docket # 92).[1] For the reasons below, I will deny

---

[1] The Defendants have also moved to dismiss the superseding indictment (Docket # 87; *see also* Docket # 82, Docket # 90.), which I address in a separate report and recommendation. The motion to dismiss includes a request for leave to file new motions in the future as ongoing discovery or other circumstances warrants. (Docket # 87 at 30.) As Defendants have not submitted any new motions, I decline to address the request at this time.

the motion for a bill of particulars, defer ruling on the motion to compel to allow the parties to confer, and defer ruling on the motion for a *Santiago* proffer to the discretion of the trial judge.

## BACKGROUND

The background information provided in my report and recommendation on the Defendants' Motion to Dismiss is incorporated herein by reference.

## ANALYSIS

*1.     Bill of Particulars*

Federal Rule of Criminal Procedure 7(f) authorizes the court to order the filing of a bill of particulars to fill in facts in the indictment so that the defendant can prepare an adequate defense. *See United States v. Kendall*, 665 F.2d 126, 134 (7th Cir. 1981). A bill of particulars is "a more specific expression of the activities the defendant is accused of having engaged in which are illegal." *United States v. Canino*, 949 F.2d 928, 949 (7th Cir. 1991). A bill of particulars is required only where the charges in the indictment are so general that they do not advise the defendant of the specific act of which he is accused. *See id*.

The test for determining whether a bill of particulars should be granted is similar to the test for determining the general sufficiency of the indictment, namely, "whether the indictment sets forth the elements of the offense charged and sufficiently apprises the defendant of the charges to enable him to prepare for trial." *Fassnacht*, 332 F.3d at 446 (quoting *Kendall*, 665 F.2d at 134); *Canino*, 949 F.2d at 949. An indictment that includes each of the elements of the offense charged, the time and place of the accused's conduct that constituted a violation, and a citation to the statute or statutes violated is sufficient to pass this test. *Kendall*, 665 F.2d at 134. A bill of particulars is not required when a defendant can

obtain the information necessary for his or her defense through "some other satisfactory form." *Fassnacht*, 332 F.3d at 447, n.2 (quoting *Canino*, 949 F.2d at 949). The Seventh Circuit has held that the government's "open file" policy is an adequate "satisfactory form" of information retrieval, making a bill of particulars unnecessary. *Canino*, 949 F.2d at 949.

Defendants concede that the superseding indictment adequately details the elements of the offenses charged, but argue that Counts One, Ten, and Eighteen lack the specificity necessary to prepare a defense. (Docket # 86 at 6–10.) They assert that these counts do not apprise Defendants of the "central facts" of the charges so as to allow them to adequately prepare for trial. (*Id.* at 7 (citing *United States v. Carman*, No. 02 CR 464-1, 8, 2004 U.S. Dist. LEXIS 14589, at *7 (N.D. Ill. July 26, 2004) (quoting *United States v. Manetti*, 323 F. Supp. 683, 696 (D. Del. Feb. 8, 1971)).) Defendants characterize these counts as "boundless in nature, potentially charging for alleged misconduct beyond the activities and transactions expressed more clearly in the Indictment." (*Id.* (citing *United States v. McGee*, No. 08-CR-17, 2008 U.S. Dist. LEXIS 16008, at *19–20 (E.D. Wis. Mar. 3, 2008)).) They argue that the counts leave them "without even the minimum tools to 'link the items specified in the indictment to the . . . discovery'" and create a risk that the government will surprise them at trial. (Docket # 86 at 8–9 (citing *United States v. Ning Wen*, No. 04-CR-241, 2005 U.S. Dist. LEXIS 19531, at 23–24 (E.D. Wis. Aug. 17, 2005); *United States v. Covelli*, 210 F. Supp. 589, 590 (N.D. Ill. 1962)).) Defendants also assert that the lack of specificity creates a risk of jury confusion. (*Id.* at 10 (citing *United States v. Beavers*, No. 3:16-CR-00068 JD, 2016 U.S. Dist. LEXIS 158526, at *7 (N.D. Ind. Nov. 16, 2016)).)

Additionally, Defendants argue that a bill of particulars is necessary because the government has provided an overwhelming volume of discovery. (Docket # 86 at 7–8.) They

3

claim that the superseding indictment's failure to reveal the identities of the unindicted co-conspirators leaves them unable to determine which statements in the voluminous discovery might be admissible as co-conspirator statements. (*Id.* (citing *United States v. Ludke*, No. 16-CR-175, 2017 U.S. Dist. LEXIS 220624, at *21 (E.D. Wis. Dec. 11, 2017); *United States v. Turner*, No. 18-CR-142, 2019 U.S. Dist. LEXIS 110446, at *9, n.1 (E.D. Wis. July 2, 2019)).) Relatedly, Defendants argue that the government's "open file" policy, which usually makes a bill of particulars unnecessary, does not provide adequate specificity in this case because of the sheer volume of discovery, much of which is likely irrelevant to these counts. (*Id.* at 7–8 (citing *United States v. Trie*, 21 F. Supp. 2d 7, 21 n.12 (D.D.C. 1998); *United States v. Davidoff*, 845 F.2d 1151, 1155 (2d Cir. 1988); *United States v. Bortnovsky*, 820 F.2d 572 (2d Cir. 1987)).)

The government opposes the motion on three basic grounds: (1) Defendants are not entitled to a listing of every act, specific account, and other piece of evidence relevant to Counts One, Ten, and Eighteen (Docket # 100 at 12–14); (2) the superseding indictment provides sufficient information to allow Defendants to prepare for trial on each of these counts (*id.* at 14–19); and Defendants are not entitled to a detailed listing of all co-conspirators (*id.* at 19–20). The government responds to Defendants' concerns about the volume of discovery by asserting that it has produced the discovery in a convenient format that not only allows Defendants to understand the charges against them but gives them a "substantial preview of the government's case—including key witness testimony and relevant documents likely to be used at trial." (*Id.* at 3.)

I will address Defendants' requests for a bill of particulars as to each count in turn.[2]

---

[2] Additionally, Defendants note that the government produced a set of 207 "Indictment Documents" and asserts that seven do not appear to relate to any of the allegations in the superseding indictment. (Docket # 86-1 at 2–3.) They request that the government identify which, if any, relate to other overt acts allegedly committed by Defendants in furtherance of the charges in Counts One, Ten, and

4

### 1.1 Count One: Conspiracy to Fraudulently Influence Accountants and to Falsify Books, Records, and Accounts of a Public Company – 18 U.S.C. § 371

Count One charges that between 2013 and 2017, Defendants willfully and knowingly conspired with "other individuals known and unknown" to fraudulently misrepresent Roadrunner's financial situation to Deloitte as Deloitte reviewed and audited Roadrunner's financial statements in preparation for SEC filings, in violation of 15 U.S.C. § 78ff and 17 C.F.R. § 240.13b2-2(b). (Docket # 48 ¶ 76(a).) Count One also charges Defendants with knowingly and willfully falsifying and causing to be falsified books, records, and accounts, in violation of 15 U.S.C. §§ 78m(b)(2), 78m(b)(5), and 78ff. (*Id.* ¶ 76(b).) It incorporates by reference Paragraphs 1 through 74 of the superseding indictment (*id.* ¶ 75), and specifically incorporates Paragraphs 25 through 74 as a description of the methods, manner, and means used to further the conspiracy (*id.* ¶ 78). It also lists nine specific overt acts in furtherance of the conspiracy. (*Id.* ¶¶ 79–87.)

Count One lists each of the elements of the offense charged, the time and place of the Defendants' conduct that constituted a violation, and a citation to the statute or statutes violated. Defendants concede as much (Docket # 86 at 7), and acknowledge that Counts Two through Nine track the nine overt acts listed in Count One (Docket # 86 at 3). However, they argue that they are nevertheless entitled to a bill of particulars naming the co-conspirators and any other acts alleged in furtherance of the conspiracy because Count One lacks sufficient specificity.

---

Eighteen. (Docket # 86-1 at 2, 4.) In its response, the government linked each document to the relevant paragraph in the superseding indictment. (Docket # 100 at 20–22.) The Defendants did not challenge the sufficiency of this response in their reply brief (Docket # 108), and I deem the issue sufficiently resolved.

First, Defendants request that the court order the government to disclose the co-conspirators referred to in Paragraph 76. (Docket # 86-1.) Such requests have been granted when the co-conspirators' identities are necessary for the defendants to prepare for trial. *See, e.g.*, *United States v. Farley*, No. 97 CR 0441, 1997 WL 695680, at *6 (N.D. Ill. Oct. 31, 1997) (granting request for bill of particulars when identity of co-conspirators would assist defendants in understanding the conduct they were accused of); *cf. United States v. Caputo*, 288 F. Supp. 2d 923, 925 (N.D. Ill. 2003) (denying request for bill of particulars to identify co-conspirators as unnecessary where the indictment provided a detailed summary of defendants' conduct (citing *Farley*, 1997 WL 695680, at *6)). Here, the superseding indictment provides abundant details of the alleged conspiracy including descriptions of nine specific overt acts in furtherance of it. Defendants do not need to know the identities of any co-conspirators to understand what conduct the government is charging them with. They also do not need this information to adequately prepare a defense, as there is only a very small set of potential co-conspirators, including the few who would have been in any position to participate in a complex accounting scheme at Roadrunner. *Cf. United States v. Ludke*, No. 16-CR-175, 2017 WL 9772960 (E.D. Wis. Dec. 11, 2017) (granting bill of particulars to identify co-conspirators when discovery included 24,000 of pages of social media communications between defendant and hundreds of people), *report and recommendation adopted*, No. 16-CR-175, 2018 WL 2059556 (E.D. Wis. May 2, 2018). Indeed, the superseding indictment all but identifies at least one co-conspirator, referencing two February 9, 2015 emails among Naggs, Wogsland, and "an RRIS employee" about a plan to write off misstated accounts in small increments over time. (Docket # 48 at 80–81.) A bill of particulars to identify co-conspirators as to Count One is not warranted.

Defendants also request that the government identify whether the list of overt acts allegedly committed in furtherance of the conspiracy is exhaustive, and if not, that it identify the other overt acts alleged to be committed by Defendants including the dates and descriptions of such acts. (Docket # 86-1 at 2–3.) As a general matter, a list of specific overt acts is not required for a conspiracy charge. *See United States v. Glecier*, 923 F.2d 496, 501 (7th Cir. 1991) (explaining that a conspiracy charge centers not on the overt acts but on the *agreement*, making "unnecessary—and in many cases impossible—the identification in the indictment of specific predicate acts . . . ."); *United States v. Turner*, No. 18-CR-142, 2019 WL 2774143, at *5 (E.D. Wis. July 2, 2019) (denying motion for bill of particulars to identify overt acts in furtherance of drug trafficking conspiracy (citing *Canino*, 949 F.2d at 949)). Here, the government alleges that Defendants conspired to commit accounting fraud between 2013 and 2017. The government is not obligated to identify the evidence it will use to prove the existence of this conspiracy. Indeed, the superseding indictment already provides far more than required, including nine examples of overt acts in Count One, detailed descriptions tracking those overt acts in Counts Two through Nine, and a detailed description of the alleged scheme in Paragraphs 29 through 74. Thus, a bill of particulars is not warranted on this basis.

In sum, Count One sufficiently notifies Defendants of the charges against them and allows them to adequately prepare a defense. Accordingly, they are not entitled to a bill of particulars on this count.

### 1.2 Count Ten: Conspiracy to Commit Securities and Wire Fraud

Count Ten charges that from 2013 to 2017, Defendants knowingly and intentionally conspired to commit securities fraud, that is, to knowingly and willingly execute a scheme (a)

7

to defraud in connection with Roadrunner securities, and (b) to obtain money and property by fraudulent means in connection with the purchase and sale of Roadrunner securities, in violation of 18 U.S.C. § 1348. (Docket # 48 ¶ 93(a).) Count Ten also charges Defendants with wire fraud, that is, to knowingly and willfully, and with the intent to defraud, transmit and cause to be transmitted communications for the purpose of executing a scheme to defraud, in violation of 18 U.S.C. § 1343. (*Id.* ¶ 93(b).) It incorporates Paragraphs 25 through 74 of the superseding indictment as detailing the methods, manner, and means of the conspiracy, and alleges that these occurred in violation of Title 18 U.S.C. § 1349.

Count Ten tracks the statutory language, and Defendants also acknowledge that Counts Eleven through Thirteen (securities fraud) and Counts Fourteen through Seventeen (wire fraud) track the substance of Count Ten. (Docket # 86-1 at 3.) However, they argue that the Count uses "unspecific language suggesting the Indictment allegations span beyond the articulated conduct." (*Id.*) The Defendants request that the court order the government to state whether there are additional acts beyond those in Counts Eleven through Seventeen, or beyond those detailed in Paragraphs 25 through 74, that were allegedly committed in furtherance of the conspiracy. (*Id.*) If the government alleges other overt acts beyond those in Paragraphs 25 through 74, the Defendants requests a bill of particulars identifying the unindicted co-conspirators and providing detailed information about the overt acts. (*Id.* at 4–6.)

As with the conspiracy charge in Count One, the government is not required to list the evidence it will use to prove the alleged conspiracy. The superseding indictment amply notifies Defendants of the nature of the alleged scheme and provides detailed information about some of the overt acts alleged in furtherance of the conspiracy. Defendants also do not

need to know the identities of the alleged co-conspirators to understand the nature of these charges, which are abundantly clear from the superseding indictment. Therefore, a bill of particulars is not warranted on Count Ten.

    1.3    Count Eighteen: Bank Fraud

Count Eighteen charges Armbruster with bank fraud in violation of 18 U.S.C. §§ 1344 and 2. (Docket # 48 at 105.) Count Eighteen incorporates by reference Paragraphs 25 through 74 as a description of the scheme. (*Id.* ¶ 107.) It specifically alleges that from 2013 to 2017, Armbruster knowingly and intentionally executed a scheme (a) to defraud "Bank A", and (b) to obtain any of the moneys, funds, credits, assets, securities, or other property owned by, or under the custody or control of, "Bank A", by means of false or fraudulent pretenses, representations, or promises. (*Id.* ¶ 108.)

Armbruster requests that the court order the government to identify whether the acts by Armbruster detailed in ¶¶ 25–74 of the superseding indictment are the only acts allegedly committed by Armbruster as part of the alleged scheme to defraud Bank A. (Docket # 86-1 at 2.) Armbruster protests that Count Eighteen is "particularly sweeping—charging criminal liability for the entirety of the four-year offense period based, apparently, on 'all of the certifications [Armbruster] regularly signed at the end of each quarter.'" (Docket # 108 at 13.) Armbruster also points out that the only specific conduct identified began in July 2013, leaving him to guess what, if any, conduct is alleged in the first two quarters of 2013. (*Id.* at 13–14.) However, the lack of identification of any specific act in the first half of 2013 goes to whether the government can prove its case, not whether Armbruster has been sufficiently notified of the charges. Armbruster also notes that while the certifications signed at the end of each quarter would have concerned the financials of all Roadrunner's operating companies,

9

the superseding indictment does not provide any specificity as to which operating companies are implicated in Count Eighteen, and also protests, in essence, that Count Eighteen could relate to an unwieldy chunk of the discovery materials. (*Id.* at 14.) However, the identities of the operating subsidiaries with significant accounting discrepancies are readily discernible from the discovery materials. And while the volume of potentially relevant discovery and the four-year time frame may make preparing a defense challenging, they do not render it impracticable or impossible.

    2.    *Motion to Compel and Non-Parties' Motion to Quash*

Defendants seek to compel production of a number of documents they claim the government wrongly withheld in discovery. (Docket # 91; *see also* Docket # 83, Docket # 94.) Given the passage of time since this motion was briefed, and intervening circumstances including ongoing discovery and my report and recommendation on the motion to dismiss, I will require the parties to confer before taking any action on this motion. The parties shall confer about the discovery disputes underlying the motion to compel and provide a joint report to the court on the status of the discovery disputes within twenty-one (21) days of the date of this order.

Defendants also served non-party subpoenas on law firms Wilmer Cutler and Greenberg Traurig. The firms move to quash the subpoenas. (Docket #126.) Because the motion to quash relates to the motion to compel, I will also defer ruling on this motion until the discovery issues are addressed. Defendants are ordered to confer with the non-parties about their objections to the subpoenas and submit a report within twenty-one (21) days of the date of this order.

10

3. *Motion for* Santiago *Proffer*

Defendants move for an order requiring the government to make a *Santiago* proffer identifying all co-conspirators and any co-conspirator statements the government intends to present at trial. (Docket # 80 (citing *United States v. Santiago*, 582 F.2d 1128 (7th Cir. 1978)); *see also* Docket # 84, Docket # 92.) Statements of co-conspirators are admissible if the government convinces the court, as a preliminary matter and by a preponderance of the evidence, that (1) a conspiracy existed; (2) that the defendant and declarant were members thereof; and (3) that the proffered statements were made during the course of and in furtherance of the conspiracy. *Santiago*, 582 F.2d at 1134–35; *see also United States v. Cox*, 923 F.2d 519, 526 (7th Cir. 1994). In *Cox*, the court set forth several procedures a court could employ in making the admissibility determinations, such as requiring the government to file a proffer before trial; conducting a hearing on the matter; or in the absence of a pretrial proffer, the court may conditionally admit testimony subject to the government's eventual proof of the three foundational elements noted above. *See Cox*, 923 F.2d at 526.

It is long-standing practice in this district to conditionally admit statements of alleged co-conspirators subject to the government showing that the statements are admissible in accordance with the *Santiago* factors. *See, e.g.*, *United States v. Arms*, No. 14-CR-78, 2015 WL 3513991, *17 (E.D. Wis. June 3, 2015); *United States v. Avila-Rodriguez*, No. 10-CR-163, 2011 WL 13330770, *6 (E.D. Wis. Feb. 16, 2011) (collecting cases); *United States v. Mathis*, No. 09-CR-254, 2010 WL 1507881, *3 (E.D. Wis. Apr. 10, 2010) (same); *United States v. Kaffo*, No.09-CR-256, 2009 WL 5197826, *2 (E.D. Wis. Dec. 22, 2009) (same). Judge Adelman may wish to discuss this motion and his procedures for resolving the same with counsel at the final pretrial conference. For this reason, I defer entirely to Judge Adelman on this issue.

## ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED** that Defendants' motions for a bill of particulars (Docket # 81, Docket # 86, Docket # 93) are hereby **DENIED.**

**IT IS FURTHER ORDERED** that the parties shall confer regarding the discovery disputes underlying the motion to compel and submit a joint report to the court within **twenty-one (21) days** of the date of this order.

**IT IS FURTHER ORDERED** that Defendants shall confer with the non-parties about their objections to the subpoenas and submit a report within **twenty-one (21) days** of the date of this order.

**FINALLY, IT IS ORDERED** that Defendants' motion for a *Santiago* proffer is deferred to Judge Adelman.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 1st day of June, 2020.

                        BY THE COURT

                        *s/Nancy Joseph*
                        NANCY JOSEPH
                        United States Magistrate Judge

13

Case 2:18-cr-00130-LA-NJ   Filed 06/01/20   Page 13 of 13   Document 136