UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                             Case No. 18-CR-130

BRET NAGGS,
MARK WOGSLAND, and
PETER ARMBRUSTER,

    Defendants.

---

## DECISION AND ORDER ON DEFENDANTS' RULE 16 MOTION TO COMPEL

---

Peter Armbruster, Mark Wogsland, and Bret Naggs are charged with conspiring to defraud Roadrunner Transportation Systems, Inc.'s shareholders, lenders, and the investing public, and misleading Roadrunner's independent auditors, lenders, and regulators, by making and causing others to make false and fraudulent statements about Roadrunner's financial condition. The defendants have jointly moved for an Order pursuant to Fed. R. Crim. P. 16(d)(2)(A) compelling the government to produce two categories of information they allege the government is withholding. (Docket # 83, Docket # 91, and Docket # 94.)

The defendants previously filed a motion to dismiss, arguing that the government violated the Fifth Amendment by presenting to the grand jury testimony that was compelled under threat of job loss, in violation of *Garrity v. New Jersey*, 385 U.S. 493 (1967). (Docket # 87 at 18–24.) I issued a report and recommendation on June 1, 2020 recommending that the defendants' motion to dismiss be denied, finding that Wogsland's and Armbruster's statements were not "compelled" for purposes of *Garrity*. (Docket # 135.) I deferred ruling on

the defendants' motion to compel, ordering the parties to confer and provide a status update on their positions given ongoing discovery and the report and recommendation on the motion to dismiss. (Docket # 136.) The parties responded, stating that they maintain their previous positions as to the motion to compel. (Docket # 149.) As such, the matter is now ready for resolution. For the reasons explained below, the motion to compel is denied.

1. *Applicable Legal Standard*

Fed. R. Crim. P. 16 generally requires the government to product to the defendant any information within the government's possession, custody, or control that is material to preparing the defense. Rule 16(a)(1)(E). Evidence is material to preparing the defense if it "would [ ] significantly help[ ] in 'uncovering admissible evidence, aiding witness preparation, corroborating testimony, or assisting impeachment and rebuttal.'" *United States v. Gaddis*, 877 F.2d 605, 611 (7th Cir. 1989) (quoting *United States v. Felt*, 491 F. Supp. 179, 186 (D.D.C.1979)). A defendant, however, is only entitled to the production of these documents if he makes "at least a *prima facie* showing that the requested items are material to his defense." *United States v. Thompson*, 944 F.2d 1331, 1341 (7th Cir. 1991). "To make a *prima facie* showing, a defendant cannot rely on general descriptions or conclusory arguments, but must convincingly explain how specific documents will significantly help him uncover admissible evidence, prepare witnesses, or corroborate, impeach, or rebut testimony." *United States v. Caputo*, 373 F. Supp. 2d 789, 793 (N.D. Ill. 2005). The court should also consider "the materials that have already been produced, the availability of the requested materials from other sources, and the defendant's own knowledge." *Id.* at 793–94 (citing *United States v. Ross*, 511 F.2d 757, 763 (5th Cir. 1975)).

### 2. *Application to this Case*

The defendants move for an Order compelling the government to produce two categories of information: (1) certain investigation materials the government received from Roadrunner through its outside counsel, including documents and information related to witness "interview downloads"; and (2) written or recorded statements of defendant Wogsland. (Docket # 91 at 5.) I will address each in turn, but will address the defendants' second request first.

#### 2.1 Wogsland's Statements

The defendants acknowledge that the government has produced the entire transcript of Wogsland's September 12, 2017 grand jury testimony (*id.* at 18), as it must, pursuant to Fed. R. Crim. P. 16(a)(1)(B)(iii) ("Upon a defendant's request, the government must disclose to the defendant . . . the defendant's recorded testimony before a grand jury relating to the charged offense."). The defendants argue, however, that the government has refused to produce the portions of any other grand jury transcripts of witness testimony "presenting" Wogsland's grand jury testimony. (*Id.*) Specifically, the government has stated that subsequent grand jury proceedings in this District involved only testimony by law enforcement and/or summary witnesses. (Docket # 87 at 16.) Thus, the defendants assert that portions of Wogsland's September 12, 2017 grand jury testimony "were presumably read or otherwise presented to a grand jury sitting in this District." (Docket # 112 at 16.) The defendants argue that this constitutes Wogsland's "own statement" for purposes of Rule 16; thus, the government must produce the grand jury transcripts immediately rather than one business day before trial, pursuant to Criminal L.R. 16(a)(4) (E.D. Wis.).

The government argues that the Seventh Circuit's decision in *United States v. Callahan*, 534 F.2d 763 (7th Cir. 1976) is dispositive of this issue. In *Callahan*, the defendants moved pursuant to Rule 16(a)(1)(A) for an order requiring the government to disclose for inspection "a copy of statements or confessions of the defendant(s) in the possession of government agents or summaries of statements or confessions including: (a) . . . (b) portions of grand jury testimony which allegedly relate the statements or confessions of the defendant(s) as related to third persons." *Id.* at 764. The district court conducted an *in camera* review of several documents, including a transcript of the oral testimony of several grand jury witnesses. *Id.* The district court delineated those portions of the transcribed oral testimony of two witnesses which it determined contained inculpatory oral statements by the defendants and heard by the witnesses, and ordered the government to disclose those portions to the defendants. *Id.*

> On appeal, the court considered the following question:
>
> Are the oral statements of prospective Government witnesses incorporating oral statements of a defendant, in the nature of confessions, admissions or acknowledgments of guilt, made to the witness and which were first memorialized only in the recollections of, then recalled by the witness, and transcribed: (a) discoverable prior to trial as "statements of the defendant" pursuant to Rule 16, or (b) precluded from pretrial discovery under s 3500 as "statement of the witness"?

*Id.* at 765. The *Callahan* court concluded that the delineated portions of the grand jury testimony were statements of witnesses, not statements of defendants within the purview of Rule 16. *Id.* The defendants argue that *Callahan* is distinguishable because the defendants in *Callahan* were not seeking their "own" statements, but were seeking the testimony of third parties about their recollections of the defendants' statements. (Docket # 112 at 17.) The defendants argue that what Wogsland seeks are portions of grand jury transcripts containing his own statements re-presented from his own grand jury testimony. (*Id.*) I find that *Callahan*

4

controls in this case. There is no material distinction between a witness reading, verbatim, Wogsland's grand jury testimony and a witness recounting what he or she believes was the defendant's statement. The analysis does not change because Wogsland's statement is being presented through another witness' testimony. This form of presentation does not somehow transform that witness' statement into Wogsland's statement under Rule 16. Thus, the defendants' motion to compel written or recorded statements of Wogsland is denied.

### 2.2 Government Investigation Materials

The defendants seek to compel the production of "investigation materials the Government received from Roadrunner Transportation Systems, Inc. through its outside counsel, including documents and information related to witness 'interview downloads.'" (Docket # 91 at 5.) They state that these documents could include "emails from the Roadrunner Parties, documents reflecting presentations by the Roadrunner Parties to the government, or documents reflecting reports or summaries of information provided by the Roadrunner Parties." (Docket # 112 at 7.) The government has already provided the defendants with more than 9 million pages of documents and interview transcripts (Docket # 91 at 6) and counters that the defendants have already received information regarding the interviews conducted of Roadrunner employees, which includes, for example, the dates of the interviews and the names of participating counsel (Docket # 103 at 7). Beyond stating what possible documents their request "might" include, it is unclear exactly what documents the defendants believe the government continues to withhold. Again, a defendant cannot simply rely on general descriptions, but must "convincingly explain how specific documents" will help uncover evidence material to the defense. *See Caputo*, 373 F. Supp. 2d at 793.

Further, while the defendants assert in their reply brief that the seek only documents "*provided to the government by third parties*" (Docket # 112 at 7 (emphasis in original)), in the very next paragraph, they request the government's notes of oral conversations it had with the Roadrunner parties (*Id.* at 7–8). These documents would not have been received by the government from third parties, but would have been created by the government. Beyond not fitting into the category of documents "received" by the government from a third party, as the defendants seem to acknowledge, these documents *could* contain protected work product. (Docket # 112 at 8.) But, as the defendants point out, they could also contain fact work product that is potentially discoverable. (*Id.*) This issue, however, is not squarely before me. While the government argues it produced a privilege log to the defendants in response to the defendants' discovery requests (Docket # 103 at 5–6), the parties have not briefed or otherwise addressed specific documents withheld based on privilege. Given the lack of clarity of the defendants' requests, I find that the defendants have failed to make a *prima facie* showing that they are requesting items material to their defense. *See Thompson*, 944 F.2d at 1341. For this reason, the motion to compel as to this category of documents is also denied.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendants' motions to compel (Docket # 83, Docket # 91, and Docket # 94) are **DENIED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing

procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 31st day of August, 2020.

BY THE COURT

*Nancy Joseph*

NANCY JOSEPH
United States Magistrate Judge