# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

    Plaintiff,

    v.                                                 Case No. 18-CR-130

BRET NAGGS,
MARK WOGSLAND, and
PETER ARMBRUSTER,

    Defendants.

## DECISION AND ORDER ON NON-PARTIES' JOINT MOTION TO QUASH SUBPOENAS

Peter Armbruster, Mark Wogsland, and Bret Naggs are charged with conspiring to defraud Roadrunner Transportation Systems, Inc.'s shareholders, lenders, and the investing public, and misleading Roadrunner's independent auditors, lenders, and regulators, by making and causing others to make false and fraudulent statements about Roadrunner's financial condition. Roadrunner retained two law firms—Greenberg Traurig, LLP and Wilmer Cutler Pickering Hale and Dorr, LLP ("WilmerHale")—to conduct an internal investigation into the company's accounting discrepancies. On February 20, 2020, the defendants issued subpoenas to both law firms, requesting various documents. The firms jointly moved to quash the subpoenas on the grounds that the requests are either duplicative of those requested in the defendants' pending motion to compel, irrelevant, protected as attorney work product, or otherwise inappropriate for third-party discovery.

The defendants previously filed a motion to dismiss, arguing that the government violated the Fifth Amendment by presenting to the grand jury testimony that was compelled

under threat of job loss, in violation of *Garrity v. New Jersey*, 385 U.S. 493 (1967). (Docket # 87 at 18–24.) I issued a report and recommendation on June 1, 2020 recommending that the defendants' motion to dismiss be denied, finding that Wogsland's and Armbruster's statements were not "compelled" for purposes of *Garrity*. (Docket # 135.) I deferred ruling on the law firms' motion to quash at that time, ordering the parties to confer and provide a status update on their positions given ongoing discovery and the report and recommendation on the motion to dismiss. (Docket # 136.) The parties responded, stating that they maintain their previous positions as to the motion to quash. (Docket # 150.) As such, the matter is now ready for resolution. For the reasons explained below, the motion to quash is granted.

1. *Applicable Legal Standard*

Fed. R. Crim. P. 17(c)(1) permits subpoenas for papers, documents, data, or other objects, which the court may direct be produced before trial. "On motion made promptly, the court may quash or modify the subpoena if compliance would be unreasonable or oppressive." Fed. R. Crim. P. 17(c)(2). In *United States v. Nixon*, 418 U.S. 683 (1974), the Supreme Court held that in order to require production prior to trial, the moving party must show:

> (1) that the documents are evidentiary and relevant; (2) that they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) that the party cannot properly prepare for trial without such production and inspection in advance of trial and that the failure to obtain such inspection may tend unreasonably to delay the trial; and (4) that the application is made in good faith and is not intended as a general "fishing expedition."

*Id.* at 699–700. In other words, to obtain the production of documents, the movant must "clear [the] three hurdles" of relevancy, admissibility, and specificity. *Id.* at 700. "Rule 17(c) is not a discovery device to allow criminal defendants to blindly comb through government records in a futile effort to find a defense to a criminal charge. Instead, it allows only for the gathering

2

of specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial." *United States v. Tokash*, 282 F.3d 962, 971 (7th Cir. 2002).

The *Nixon* Court declined to address, however, whether perhaps a lower standard applies if the subpoena is directed to a third party rather than to the government. 418 U.S. 683 at 699 n.12. The defendants argue that several district courts and commentators have urged that the enforceability of a third-party subpoena should be analyzed pursuant to a less stringent standard consistent with the plain language of Rule 17, rather than the standard articulated in *Nixon*. (Defs.' Br. at 16, Docket # 132.) They cite to *United States v. Tucker*, 249 F.R.D. 58 (S.D.N.Y. 2008), where the court found that the *Nixon* standard was inappropriate when production is requested from a non-party. (*Id.* at 16–17 (citing *Tucker*, 249 F.R.D. at 66).)

The *Tucker* court's finding is not the prevailing view, however, even within the Second Circuit where the *Tucker* court sits. *See United States v. Barnes*, No. S9 04 CR 186 SCR, 2008 WL 9359654, at *3 (S.D.N.Y. Apr. 2, 2008) ("Though the *Tucker* Court found this relaxed standard appropriate, it is not the prevailing law. Indeed, all district courts within the Second Circuit, aside from the *Tucker* court, have applied the *Nixon* analysis to third-party subpoenas issued by the defense."). More to the point, courts in this district have applied the *Nixon* standard to third-party subpoenas. *See United States v. Jungen*, No. 13-CR-121, 2014 WL 4924654, at *3 (E.D. Wis. Sept. 30, 2014); *United States v. Buske*, No. 09-CR-65, 2012 WL 5497848, at *2 n.2 (E.D. Wis. Nov. 13, 2012), as well as multiple courts of appeal, *see, e.g.*, *United States v. Warren*, 782 F. App'x 466, 472 (6th Cir. 2019); *United States v. Conway*, 615 F. App'x 46, 48 (2d Cir. 2015); *United States v. Bradford*, 806 F.3d 1151, 1155 (8th Cir. 2015). I

see no compelling reason to stray from the weight of this authority and will address the defendants' motion under the *Nixon* standard.

2.   *Application to this Case*

The subpoenas directed to both law firms are functionally the same. Both define, for purposes of the subpoenas, "Government" as both the United States Department of Justice ("DOJ") and the United States Securities and Exchange Commission ("SEC") and define the "Subject Matter" as: (1) "any facts, allegations, events, or circumstances related to or arising out of the allegations" in both the defendants' criminal case (*United States v. Bret Naggs, et al.*, Case No. 18-CR-130) and the SEC's civil action against the defendants (*SEC v. Peter Armbruster, et al.*, Case No. 19-CV-481); (2) "any facts, events, or circumstances relating to or arising out of" four of Roadrunner's annual public and quarterly reports filed with the SEC; and (3) Roadrunner's internal investigation "related to or arising out of" (1) and (2). (Ex. J to Defs.' Br. in Opp., Docket # 132-10.) The subpoena then directs the law firms to provide:

> (1) All communications between You and any representative of the Government related to the Subject Matter;
>
> (2) All documents and communications, whether created by You or obtained from any other source, including but not limited to notes, memoranda, summaries, read outs, presentation materials, transcripts, audio or video recordings, e-mails and calendar entries, that refer, reflect or relate to any oral or written provision of information to the Government in connection with the Subject Matter;
>
> (3) All documents and communications, whether created by You or obtained from any other source, relating to the individual representation of Mark Wogsland, or Peter Armbruster, or Bret Naggs in connection with the Subject Matter, including but not limited to engagement letters, conflict of interest disclosures, conflict of interest waivers, notes, summaries, memoranda, interview transcripts, audio or video recordings, subpoenas, e-mails, calendar entries and communications with any representative of the Government.

4

(4) All communications between You, on the one hand, and Mark Wogsland, or Peter Armbruster, or Bret Naggs, on the other hand, that refer, reflect or relate to the Subject Matter.

(*Id.*) The law firms argue that the information sought is not adequately specific, seeks irrelevant material, seeks material otherwise procurable from the government, seeks material that is likely inadmissible, and seeks privileged information. (Docket # 127.) The defendants counter that the subpoenas seek relevant, admissible, and specific documents that are not protected by privilege. (Docket # 132.)

Again, the subpoenas request "all documents and communications" between the law firms and either the DOJ or the SEC that relate to or arise out of (1) the defendants' criminal case; (2) the SEC's civil case; (3) four Roadrunner financial forms; and (4) Roadrunner's internal investigation related to the criminal case, the civil case, and the financial forms. This is overbroad. Recall that Fed. R. Crim. P. 17(c) is narrower than the corresponding Rules of Civil Procedure. *United States v. Wingers*, No. 07-CR-323, 2008 WL 1730320, at *2 (E.D. Wis. Apr. 10, 2008). Yet, the subpoenas to the law firms read like civil discovery requests, asking for "all documents and communications" related to a variety of matters. *See Jungen*, 2014 WL 4924654, at *4 (quashing a subpoena request for lack of specificity that requested "all" documents and "all" communications). Rule 17(c) is "is not intended to serve as a discovery device for criminal cases." *Wingers*, 2008 WL 1730320, at *2. As stated above, it allows for the gathering of "specifically identified documents which a defendant knows to contain relevant evidence to an admissible issue at trial." *Tokash*, 282 F.3d at 971.

The defendants argue that the subpoenas are expressly limited to documents and communications related to "the allegations at issue *in this case*, Roadrunner's restated financials, and Roadrunner's internal investigation related to the same," (Docket # 132 at 22)

5

(emphasis added). This argument misses that the "Subject Matter" also relates to the SEC's civil lawsuit against the defendants. Even though there are overlaps, the defendants do not address the relevancy of the requests as they relate to the SEC's civil case against them, or the propriety of requesting such documents within their criminal case. Given the different discovery rules in civil and criminal cases, as well as the different interests at stake in each case, if the defendants seek to subpoena non-parties for information relevant to their civil lawsuit, they should subpoena them within the confines of that case.

As such, the subpoenas lack the requisite specificity required by *Nixon* and must be quashed. I will note, however, that to the extent the Greenberg law firm represented Wogsland in his individual capacity, Wogsland is entitled to receive his client file. Wogsland should not have to subpoena his former counsel to obtain his client file. To the extent the law firm contends no client file exists, it should explicitly say so.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the non-parties' joint motion to quash the subpoenas (Docket # 126) is **GRANTED**.

Your attention is directed to General L.R. 72(c), 28 U.S.C. § 636(b)(1)(B) and Federal Rules of Criminal Procedure 59(b), or Federal Rules of Civil Procedure 72(b) if applicable, whereby written objections to any recommendation or order herein, or part thereof, may be filed within fourteen days of the date of service of this recommendation or order. Objections are to be filed in accordance with the Eastern District of Wisconsin's electronic case filing procedures. Courtesy paper copies of any objections shall be sent directly to the chambers of the district judge assigned to the case. Failure to file a timely objection with the district court

shall result in a waiver of a party's right to appeal. If no response or reply will be filed, please notify the Court in writing.

Dated at Milwaukee, Wisconsin this 31st day of August, 2020.

BY THE COURT

_____
NANCY JOSEPH
United States Magistrate Judge