UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 18-CR-130-LA-NJ |
| v. | |
| PETER ARMBRUSTER, MARK WOGSLAND, and BRET NAGGS, | |
| Defendants. | |

## GOVERNMENT'S CONSOLIDATED MOTIONS *IN LIMINE*

Plaintiff United States of America, by and through counsel of record, hereby respectfully submits the following Consolidated Motions *in limine* to preclude the defendants from raising improper or unduly prejudicial defenses at trial in this matter.

I. Background

The defendants, Peter Armbruster, Mark Wogsland, and Bret Naggs, served as managers at Roadrunner Transportation Systems, Inc. ("RRTS"), a Cudahy-based trucking and logistics company whose stock was traded on the New York Stock Exchange. According to the allegations in the Superseding Indictment (Dkt. No. 48), the defendants conspired to deceive RRTS's shareholders, auditors, and lenders by manipulating various accounting metrics over the course of multiple reporting quarters.

Trial is set in this matter for July 12, 2021.

II. Improper Defenses

a. *Jury Nullification*

The government respectfully moves this Court to preclude the defendants from arguing, pursuing lines of inquiry, or otherwise presenting evidence designed to elicit jury nullification. It is improper for a defendant to suggest in any way that the jury should acquit the defendant even if it finds that the government has met its burden of proof. *See*, *e.g.*, *United States v. Bruce*, 109 F.3d

323, 327 (7th Cir. 1997) ("Jury nullification 'is not to be positively sanctioned by instructions,' but is to be viewed as an 'aberration under our system.'") (quotation omitted). As the Seventh Circuit has stated, "An unreasonable jury verdict, although unreviewable if it is an acquittal, is lawless, and the defendant has no right to invite the jury to act lawlessly." *United States v. Perez*, 86 F.3d 735, 736 (7th Cir. 1996).

The defendants should be precluded from inquiry or argument intended to elicit sympathy for the defendants. For example, the defendants' personal and family situations are irrelevant; the defendants should not be permitted to reference them in an attempt to arouse the jury's sympathy. The defendants should be precluded from invoking any irrelevant topics in order to suggest that the jury not follow its obligation under the law.

Similarly, any argument or questioning designed to suggest that the allegations in the Superseding Indictment are best resolved not through a criminal case, but through some form of civil enforcement proceeding or private litigation, would be improper. The availability of an alternative forum is irrelevant to the jury's role as trier of fact, and could be raised solely to suggest to the jury that an acquittal, even if unsupported by the evidence, would not mean the defendants' alleged conduct goes entirely unaddressed. The Court should guard against such arguments since they would be but a veiled invitation to jury nullification.

Finally, the defendants should be precluded from using inquiry or argument to explore the government's use of prosecutorial discretion. That some individuals were charged, while others were not, is simply not for the jury to consider; such decisions are solely within the province of the executive branch. Evidence bearing on the government's decision to prosecute is "extraneous and collateral," *United States v. Johnson*, 605 F.2d 1025, 1030 (7th Cir. 1979), and ultimately irrelevant. The defendants should thus be barred from hinting that others should have been charged or are more culpable than the defendants themselves; the sole issue before the jury is whether the defendants are guilty of the offenses in the Superseding Indictment. The Court should preclude any attempt to distract the jury by asking them to consider the relative guilt or innocence of uncharged individuals.

b. *Reasonable Doubt*

The government moves to preclude defense counsel from explaining or attempting to define reasonable doubt. The Seventh Circuit has clearly and consistently held that "reasonable doubt" is a term that should not be defined by counsel. *See, e.g.*, *United States v. Blackburn*, 992 F.2d 666, 668 (7th Cir. 1993) (explaining that definitions of reasonable doubt have a likelihood of "confus[ing] juries more than the simple words themselves"); *United States v. Glass*, 846 F.2d 386, 387 (7th Cir. 1988) ("Attempts to explain the term 'reasonable doubt' do not usually result in making it any clearer in the minds of the jury.") (citations omitted).

In *United States v. Thompson*, 117 F.3d 1033 (7th Cir. 1999), the Seventh Circuit affirmed the district court's decision to prevent defense counsel from explaining reasonable doubt to the jury. The Seventh Circuit noted that by preventing defense counsel's attempt to explain reasonable doubt, "[r]ather than abusing its discretion, the district court heeded our express command." *Id.* at 1034; *see also United States v. Alex Janows & Co.*, 2 F.3d 716, 722-23 (7th Cir. 1993) ("It seems simple enough; we admonish counsel, do not define 'reasonable doubt' to a jury.").

c. *References to Punishment*

The Seventh Circuit unequivocally has held that "arguing punishment to a jury is taboo." *See, e.g., United States v. Richardson*, 130 F.3d 765, 778 (7th Cir. 1997), *overturned on other grounds*, 526 U.S. 813 (1999); *United States v. Lewis*, 110 F.3d 417, 422 (7th Cir. 1997). Argument and evidence concerning punishment are improper because the potential penalty faced by a defendant is irrelevant to the jury's determination of guilt or innocence. *See Shannon v. United States*, 114 S. Ct. 2419, 2424 (1994) ("It is well established that when a jury has no

3
Case 2:18-cr-00130-LA   Filed 05/21/21   Page 3 of 5   Document 219

sentencing function, it should be admonished to 'reach its verdict without regard to what sentence might be imposed.'") (quotation omitted); *Aliwoli v. Carter*, 225 F.3d 826, 830 (7th Cir. 2000) (same). Even mere suggestion of the potential penalties faced by a defendant – including possible imprisonment, restitution, or fines – would serve only the improper purpose of inviting the jury to consider the penal consequences of a conviction on a defendant and, ultimately, nullification.

III. Conclusion

For the foregoing reasons, the government respectfully requests that its motions *in limine* be granted.

Date: May 21, 2021

Respectfully submitted,

By: */s/ Kyle C. Hankey*
KYLE C. HANKEY
Trial Attorney
EMILY C. SCRUGGS
Trial Attorney
JUSTIN D. WEITZ
Acting Principal Assistant Chief
Fraud Section, Criminal Division
U.S. Department of Justice

## CERTIFICATE OF SERVICE

I, Kyle Hankey, certify that the foregoing has been served on all attorneys of record in the above-captioned case, via the CM/ECF electronic filing system.

By: */s/ Kyle C. Hankey*
KYLE C. HANKEY
Trial Attorney
Criminal Division, Fraud Section
U.S. Department of Justice

Date: May 21, 2021