**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**UNITED STATES OF AMERICA**
      **Plaintiff,**

   **v.**                                                                         **Case No. 18-CR-130**

**PETER ARMBRUSTER, MARK WOGSLAND,**
**and BRET NAGGS**
      **Defendants.**

---

## DECISION AND ORDER

The defendants, former officers of a publicly traded company called Roadrunner Transportation Systems, are charged with securities and wire fraud offenses. Essentially, the government alleges that the defendants defrauded Roadrunner's shareholders, lenders, and the investing public by making or causing others to make false statements about the company's true financial condition. The case is set for trial on July 12, 2021.

Pursuant to Fed. R. Crim. P. 23(a), the trial in a felony case must be by jury unless: (1) the defendant waives a jury in writing, (2) the government consents, and (3) the court approves. The defendants have moved for a court trial, asking me to override the government's refusal to consent under Rule 23(a)(2).

In Singer v. United States, 380 U.S. 24, 35-36 (1965), the Supreme Court held that defendants have no unconditional right to a court trial, and that the government consent provision in Rule 23 is permissible. The Court explained:

> We find no constitutional impediment to conditioning a waiver of this right on the consent of the prosecuting attorney and the trial judge when, if either refuses to consent, the result is simply that the defendant is subject to an impartial trial by jury -- the very thing that the Constitution guarantees him. The Constitution

recognizes an adversary system as the proper method of determining guilt, and the Government, as a litigant, has a legitimate interest in seeing that cases in which it believes a conviction is warranted are tried before the tribunal which the Constitution regards as most likely to produce a fair result.

Id. at 36.

The Singer Court further stated:

We need not determine in this case whether there might be some circumstances where a defendant's reasons for wanting to be tried by a judge alone are so compelling that the Government's insistence on trial by jury would result in the denial to a defendant of an impartial trial. Petitioner argues that there might arise situations where "passion, prejudice . . . public feeling" or some other factor may render impossible or unlikely an impartial trial by jury. However, since petitioner gave no reason for wanting to forgo jury trial other than to save time, this is not such a case, and petitioner does not claim that it is.

Id. at 37-38 (footnote omitted).

Lower courts have in reading the foregoing statement assumed that Singer allows for an exception to the requirement of governmental consent to a jury waiver, and a few district courts have held court trials over the government's objection. See, e.g., United States v. Braunstein, 474 F. Supp. 1, 17 (D.N.J. 1978) (noting that "the case in which grant of the motion is warranted without the consent of the government will necessarily be the rare and exceptional case"); United States v. Panteleakis, 422 F. Supp. 247, 250 (D.R.I. 1976) (granting waiver based on length and complexity of the case, and evidentiary spillover against multiple defendants); see also United States v. Cohn, 481 F. Supp. 3d 122, 132 (E.D.N.Y. 2020) (granting court trial based on a number of factors, including "the current circumstances of the pandemic combined with this defendant's health profile," which "could effectively rob the defendant of a meaningful opportunity, if he chose to do so, to testify on his own behalf").

However, "no United States Court of Appeals appears to have approved a defendant's waiver of a jury over the government's objection. Indeed, the circuits that have considered this

2

issue have uniformly upheld the trial courts' refusals to grant such waivers without governmental consent." United States v. United States Dist. Court, 464 F.3d 1065, 1070 (9th Cir. 2006); see, e.g., United States v. Clark, 943 F.2d 775, 784 (7th Cir. 1991) (affirming denial of court trial); United States v. Alpern, 564 F.2d 755, 758 (7th Cir. 1977) (same).

Here, the defendants rely on the COVID-19 pandemic and the complexity of the case/anticipated length of the trial. While they appeared to have a colorable argument based on the pandemic when the motion was initially filed last fall, the parties later agreed to adjourn the trial from January 2021 to July 2021. Given the change in circumstances brought about by widespread vaccine availability, it appears safe to proceed with a jury trial in July, and the chances of a mistrial appear far lower. Unlike the defendant in Cohn, the defendants here develop no argument that any remaining pandemic-related restrictions could deny them a specific trial right. See 481 F. Supp. 3d at 131-32.[1]

The complexity argument is unpersuasive. As the Panteleakis court noted, "the mere fact that a case is complicated and might not be correctly understood by a jury is not, in and of itself, sufficient reason to circumvent a jury trial." 422 F. Supp. at 249; see also United States v. Houghton, 554 F.2d 1219, 1226 (1st Cir. 1977) (finding that concern a jury would not understand the issues "does not fall within the meaning of the dicta in Singer"). While the

---

[1]The defendants also rely on case from the Northen District of Illinois, United States v. Vorley, in which lawyers from the Fraud Section agreed to a court trial during the height of pandemic. As indicated in the text, circumstances have significantly changed since last fall, and the defendants cite no authority that the government's acquiescence in one case should carry weight in another. Indeed, the Singer court held that "Rule 23 (a) does not require that the Government articulate its reasons for demanding a jury trial at the time it refuses to consent to a defendant's proffered waiver." 380 U.S. at 37; see Cohn, 481 F. Supp. 3d at 131 ("The law is clear that the Government is not required to articulate a reason for withholding its consent to a nonjury trial. Because this is the Government's right, no negative inference will be drawn from its invocation.")

3

defendants contend that the government's case will require the presentation of thousands of exhibits and testimony from dozens of witnesses, the government counters that the core allegations—lying to Roadrunnner's auditors, shareholders, and public—are straightforward and clearly alleged in the very detailed superseding indictment. The government agrees that this case will involve more documents than some, but not thousands, nor will it the trial be a "three-month saga." (R. 198 at 19.) The defendants worry that their case will involve multiple complicated evidentiary rulings posing a risk of jury confusion, but they do not elaborate on those concerns,[2] and courts presume that a jury will (1) capably sort through the evidence and (2) follow instructions from the court to consider each defendant separately. United States v. Morales, 655 F.3d 608, 627 (7th Cir. 2011); see United States v. Stone, 444 F. Supp. 1254, 1257 (E.D. Wis. 1978) ("It is presumed that a properly instructed jury will confine itself to the evidence relating to each defendant."), aff'd, 588 F.2d 834 (7th Cir. 1978). Finally, the defendants make no claim that a jury could not be fair in this case, e.g., due to pre-trial publicity or the nature of the alleged offenses.

**THEREFORE, IT IS ORDERED** that the defendants' motions for a court trial (R. 169, 170, 171) are denied.

Dated at Milwaukee, Wisconsin, this 7th day of June, 2021.

/s/ Lynn Adelman
LYNN ADELMAN
District Judge

---

[2]To the extent the defendants may be referring to the admissibility of co-conspirator statements, that is an issue for the court.